**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

DIRECTV LATIN AMERICA, LLC,                    :
individually and in the right and on behalf    :    **08 Civ. 3987 (VM)(GWG)**
of LATIN AMERICAN SPORTS, LLC,                 :
                                               :
                         Plaintiff,            :    **DECLARATION OF**
                                               :    **TERENCE W. McCORMICK, ESQ.**
                v.                             :    **IN SUPPORT OF MOTION TO**
                                               :    **CONFIRM ORDERS OF**
PARK 610, LLC,                                 :    **ATTACHMENT**
CARLOS VICENTE AVILA,                          :
ROBERTO TIMISTIT,                              :
CARLOS PRATOLA,                                :
ALEJANDRO ZUNDA CORNELL and                    :
DOES 1 through 10,                             :
                                               :
                         Defendants,           :
                                               :
                and                            :
                                               :
LATIN AMERICAN SPORTS, LLC,                    :
                                               :
        as a Nominal Defendant.                :
--------------------------------------------------------X

        TERENCE W. McCORMICK declares pursuant to 28 U.S.C. §1746, under the

penalty of perjury under the laws of the United States of America as follows:

        1.      I am a member of the bar of this Court and an associate of the Firm of

Mintz & Gold LLP, attorneys for Plaintiff DIRECTV Latin America, LLC ("DIRECTV").

I make this Declaration in support of DIRECTV's motion to confirm the Orders of

Attachment entered by this Court on April 29, 2008.  I am fully familiar with the facts and

circumstances described below.

2.     The evidence adduced in support this motion is set forth in (a) the Declaration of Michael Hartman, Senior Vice President and General Counsel to DIRECTV, sworn to on April 28, 2008 and previously submitted in support of DIRECTV's *ex parte* application for the Orders of Attachment and (b) the Verified Complaint, attested to on the same date.

3.     Copies of the Orders of Attachment are annexed to this Declaration as Exhibit 1. The memorandum of law filed in support of the *ex parte* application for attachment is annexed as Exhibit 2.

4.     Copies of the undertaking for the three attachments, in the aggregate amount of $1,800,000, which have been filed pursuant to the Orders of Attachment, are annexed to this Declaration as Exhibit 3.

5.     The Orders of Attachment were served upon Wachovia Bank, N.A., Lehman Brothers, UBS Financial Services, Citibank, N.A., BNP Paribas, Morgan Stanley, and JP Morgan Chase on April 30, 2008. UBS AG Securities and Wachovia Securities LLC were served on May 2, 2008 and May 5, 2008, respectively. All of the foregoing garnishees' statements have not yet been received. However, the amount known to be levied thus far is approximately $117,000, contained in two accounts that have been attached at JP Morgan Chase and Morgan Stanley. Further garnishees' statements are expected to be received in the near future and will be filed with the Court as soon as they are served by the garnishees.

6.     As stated in the Hartman Declaration, none of the Defendants against whom the Orders of Attachment were entered is domiciled in the State of New York.

7.    Neither Defendant Carlos Pratola nor Defendant Alejandro Zunda Cornell has yet been served with process in this action and neither of those Defendants has yet appeared, through counsel or *pro se*.  Upon information and belief, each of Mr. Pratola and Mr. Zunda resides in or around Buenos Aires, Argentina.  However, we will serve copies of this motion upon each of these Defendants by mail.

8.    We have been advised that V. David Rivkin, Esq., of the Firm of Fox Horan & Camerini LLP will appear on behalf of Defendants Carlos Vicente Avila, Roberto Timistit and Park 610, LLC, and will serve a courtesy copy of this motion upon Mr. Rivkin, as well as upon Mr. Avila, Mr. Timistit and Park 610, LLC.

**WHEREFORE**, Plaintiff DIRECTV Latin America, LLC respectfully requests that this Court enter an Order confirming each of the April 29, 2008 Orders of Attachment.

Dated: New York, New York
May 12, 2008

Terence W. McCormick (TM 2713)

*MARRERO,J,*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

DIRECTV LATIN AMERICA, LLC,          :
individually and in the right and on behalf :
of LATIN AMERICAN SPORTS, LLC,       :

             Plaintiff,          :

        v.                       :

PARK 610, LLC,                        :
CARLOS VICENTE AVILA,                :
ROBERTO TIMISTIT,                    :
CARLOS PRATOLA,                      :
ALEJANDRO ZUNDA CORNELL and          :
DOES 1 through 10,                   :

             Defendants,         :

      and                     :

LATIN AMERICAN SPORTS, LLC,          :

         as a Nominal Defendant.   :
------------------------------------------------------------X

**JUDGE MARRERO**

08 Civ. _____

**'08 CIV 3987**

**ORDER OF ATTACHMENT**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4-29-08_

_Victor Marrero_____, U.S.D.J.

    Plaintiff has moved this Court for an order of attachment pursuant to Rule 64 of

the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law

and Rules ("CPLR"). Plaintiff has shown that it has causes of action, that it is probable

that it will succeed on the merits, that defendant Carlos Vicente Avila is a non-

domiciliary residing without the State of New York, having a domicile at Gelly 3650,

Buenos Aires, Argentina, and that the amount demanded from Defendants exceeds all

counterclaims known to Plaintiff.

1

**NOW THEREFORE,** for these reasons, as supported by the showings made in plaintiff's application for an order of attachment, including the Declaration of Michael Hartman dated April 28, 2008, and the exhibits thereto, it is hereby **ORDERED** that:

1.      Plaintiff's motion for an order of attachment is granted;

2.      The amount to be secured by this Order is Five Million Five Hundred and Fifty Thousand Dollars ($5,550,000).

3.      Plaintiff shall post a bond in the amount of $ _600,000.00_ as security.

4.      The United States Marshal for the Southern District of New York, or any person appointed to act in his place and stead, shall levy within his jurisdiction at any time before final judgment, upon such funds, monies, property and/or interests in property of defendant Carlos Vicente Avila, including funds, monies, property and/or interests in accounts held at JP Morgan Chase Bank within the following account:

> JP Morgan Chase Bank
> One Chase Manhattan Plaza
> New York, New York 10005
> # 400-654865

and upon any interest of Carlos Vicente Avila in real property within his or her jurisdiction, as will satisfy the aforesaid sum of $5,550,000 Dollars, ~~[and shall pay or deliver all such funds, monies, property and/or interests in property to the Clerk of the Court for the purpose of satisfying any judgment that may be obtained against the Defendants in this action.]~~ [and shall refrain from taking any property levied upon into his or her actual custody pending further order of this Court].

2

5.    Upon Plaintiff's application, and for good cause shown, the Court hereby

*appoints Cliff Perciavalle, who is employed by Plaintiff's counsel, to act in the place and*

stead of the U.S. Marshal for the purpose of serving the Order and effecting the levy

ordered hereby.

6.    The statement required by CPLR 6219 shall be served by the garnishee

upon the U.S. Marshal and plaintiff's counsel within five (5) days after service of this

Order.  Plaintiff shall move within 10 days after levy for an order confirming this order of

attachment.


Dated: New York, New York
       April 29, 2008


**SO ORDERED**

_____
U.S.D.J.    Victor Marrero


3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

DIRECTV LATIN AMERICA, LLC,    :
individually and in the right and on behalf    :    08 Civ. ___3987___
of LATIN AMERICAN SPORTS, LLC,    :

           Plaintiff,    :

        v.    :

PARK 610, LLC,    :    **ORDER OF ATTACHMENT**
CARLOS VICENTE AVILA,    :
ROBERTO TIMISTIT,    :
CARLOS PRATOLA,    :
ALEJANDRO ZUNDA CORNELL and    :
DOES 1 through 10,    :

         Defendants,    :

        and    :

LATIN AMERICAN SPORTS, LLC,    :

        as a Nominal Defendant.    :
--------------------------------------------------------------X

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 4·29·08 |

_Victor Marrero_, U.S.D.J.

    Plaintiff has moved this Court for an order of attachment pursuant to Rule 64 of

the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law

and Rules ("CPLR"). Plaintiff has shown that it has causes of action, that it is probable

that it will succeed on the merits, that defendant Carlos Pratola is a non-domiciliary

residing without the State of New York, having a domicile at Villanueva 1350 PB (1426)

Ciudad de Buenos Aires, Argentina, and that the amount demanded from Defendants

exceeds all counterclaims known to Plaintiff.

**NOW THEREFORE**, for these reasons, as supported by the showings made in plaintiff's application for an order of attachment, including the Declaration of Michael Hartman dated April 28, 2008, and the exhibits thereto, it is hereby **ORDERED** that:

1.    Plaintiff's motion for an order of attachment is granted;

2.    The amount to be secured by this Order is Five Million Five Hundred and Fifty Thousand Dollars ($5,550,000).

3.    Plaintiff shall post a bond in the amount of $ _600,000.00_ as security.

4.    The United States Marshal for the Southern District of New York, or any person appointed to act in his place and stead, shall levy within his jurisdiction at any time before final judgment, upon such funds, monies, property and/or interests in property of Defendant Carlos Pratola, including funds, monies, property and/or interests in property of Defendant Carlos Pratola held within the following accounts:

> JPM Chase New York
> FBO LEHMAN BROTHERS INC.
> ACCT. 140-094-221
> SUB.ACCT. 743-28756-1-0-053
> & SUB ACCT. 743-28755-1-1-053
>
> BNP PARIBAS New York, US
> (Swift: BNPAUS3N)
> ABA (FW) : 026007689
> Account: 605544-001-69

~~, [and shall pay or deliver all such funds, monies, property and/or interests in property to the Clerk of the Court for the purpose of satisfying any judgment that may be obtained]~~



against the Defendants in this action.] [and shall refrain from taking any property levied

upon into his or her actual custody pending further order of this Court].

5.    Upon plaintiff's application, and for good cause shown, the Court hereby

appoints Cliff Perciavalle, who is employed by Plaintiff's counsel, to act in the place and

stead of the U.S. Marshal for the purpose of serving the Order and effecting the levy

ordered hereby.

6.    The statement required by CPLR 6219 shall be served by the garnishee

upon the U.S. Marshal and plaintiff's counsel within five (5) days after service of this

Order.  Plaintiff shall move within 10 days after levy for an order confirming this order of

attachment.

Dated: New York, New York
       April 29, 2008


                        **SO ORDERED**

                        _____
                        U.S.D.J.    Victor Marrero


                                3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DIRECTV LATIN AMERICA, LLC,          :
individually and in the right and on behalf   :     08 Civ. _3987_
of LATIN AMERICAN SPORTS, LLC,     :
                                   :
              Plaintiff,       :
                                   :
        v.                  :
                                   :
PARK 610, LLC,                  :     __ORDER OF ATTACHMENT__
CARLOS VICENTE AVILA,       :
ROBERTO TIMISTIT,          :
CARLOS PRATOLA,          :
ALEJANDRO ZUNDA CORNELL and :
DOES 1 through 10,         :
                                 :
           Defendants,     :
                                 :
        and             :
                                 :
LATIN AMERICAN SPORTS, LLC,    :
                                 :
      as a Nominal Defendant.    :
-------------------------------------------------------------X



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4-29-08_

_Victor Marrero_____, U.S.D.J.


      Plaintiff has moved this Court for an order of attachment pursuant to Rule 64 of

the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law

and Rules ("CPLR").  Plaintiff has shown that it has causes of action, that it is probable

that it will succeed on the merits, that defendant Alejandro Zunda Cornell is a non-

domiciliary residing without the State of New York, having a domicile at Ruta

Panamericana, Ramal Pilar, Km. 43.5, Barrio Ayres del Pilar, lote V16 (1669) Del Viso,

Pilar, Provincia de Buenos Aires, Argentina, and that the amount demanded from

Defendants exceeds all counterclaims known to Plaintiff.

 

     **NOW THEREFORE**, for these reasons, as supported by the showings made in

plaintiff's application for an order of attachment, including the Declaration of Michael

Hartman dated April 28, 2008, and the exhibits thereto, it is hereby **ORDERED** that:

     1.     Plaintiff's motion for an order of attachment is granted;

     2.     The amount to be secured by this Order is Five Million Five Hundred and

Fifty Thousand Dollars ($5,550,000).

     3.     Plaintiff shall post a bond in the amount of $ _600,000.00_ as

security.

     4.     The United States Marshal for the Southern District of New York, or any

person appointed to act in his place and stead, shall levy within his jurisdiction at any

time before a final judgment, upon such funds, monies, property and/or interests in

property of defendant Alejandro Zunda Cornell, including funds, monies, property and/or

interests in property of Defendant Alejandro Zunda Cornell held within the following

accounts:

     Morgan Stanley
     Bank: Citibank, 111 Wall Street,
     NY, NY
     ABA# 021000089
     For Benefit of: Dean Witter Reynolds
     Beneficiary acct: 509-020127-108
     Alejandro G. Zunda Cornell

2

Morgan Stanley
SWIFT CODE: CITIUS33
Citibank, 111 Wall Street, NY, NY
For Benefit of: Morgan Stanley
Beneficiary acct: 40611172
For Further Credit:509-020127
Alejandro G. Zunda Cornell

Banco UBS
Financial Service
1285 Ave. of the Americas 19th New York, New York (10019)
Intermediario UBS AG
677 Washington Blvd. Stamford, Connecticut (06901)
Account #: N/A

[and shall pay or deliver all such funds, monies, property and/or interests in property to the Clerk of the Court for the purpose of satisfying any judgment that may he obtained against the Defendants in this action ] [and shall refrain from taking any property levied upon into his or her actual custody pending further order of this Court].

5.      Upon plaintiff's application, and for good cause shown, the Court hereby appoints Cliff Perciavalle, who is employed by Plaintiff's counsel, to act in the place and stead of the U.S. Marshal for the purpose of serving the Order and effecting the levy ordered hereby.

6.      The statement required by CPLR 6219 shall be served by the garnishee upon the U.S. Marshal and plaintiff's counsel within five (5) days after service of this

3

Order.  Plaintiff shall move within 10 days after levy for an order confirming this order of

attachment.

Dated: New York, New York
     April 29, 2008

**SO ORDERED**

     U.S.D.J.   Victor Marrero

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

DIRECTV LATIN AMERICA, LLC,      :
individually and in the right and on behalf  :    **08 Civ. _____**
of LATIN AMERICAN SPORTS, LLC,    :

               Plaintiff,     :

            v.            :

PARK 610, LLC,           :
CARLOS VICENTE AVILA,    :
ROBERTO TIMISTIT,       :
CARLOS PRATOLA,        :
ALEJANDRO ZUNDA CORNELL and  :
DOES 1 through 10,       :

           Defendants,    :

            and        :

LATIN AMERICAN SPORTS, LLC,    :

     as a Nominal Defendant.    :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION**
**FOR A PRE-JUDGMENT ORDER OF ATTACHMENT**

MINTZ & GOLD LLP
Steven G. Mintz (SM 5428)
Terence W. McCormick (TM 2173)
470 Park Avenue South
10th Floor North
New York, New York 10016-6819
Tel:  (212) 696-4848
Fax:  (212) 696-1231
*Attorneys for Plaintiff*
*DIRECTV Latin America, LLC*

## PRELIMINARY STATEMENT

Plaintiff, DIRECTV Latin America LLC ("DIRECTV" or "Plaintiff"), individually and derivatively on behalf of Latin American Sports, LLC ("LAS") respectfully submits this Memorandum of Law, along with the accompanying Declaration of Michael Hartman, dated April 29, 2008 ("Hartman Decl."), in support of its *ex parte* application, pursuant to Fed. R. Civ. P. 64, for a pre-judgment order of attachment as to the assets of, and debts owed to, defendants Alejandro Zunda Cornell ("Zunda"), Carlos Pratola ("Pratola") and Carlos Vicente Avila ("Avila") in an amount sufficient to satisfy DIRECTV's eventual judgment against those Defendants.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the accompanying Hartman Declaration, and the Verified Complaint filed in this action, for a full and complete recitation of the facts.

## POINT OF LAW

### PLAINTIFF IS ENTITLED TO AN ORDER
### AWARDING PRE-JUDGMENT ATTACHMENT

Fed. R. Civ. P. 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Accordingly, this Court must look to New York State law governing the issuance of pre-judgment attachments. *See Capital Ventures Intern. v. Republic of Argentina,* 443 F.3d 214 (2d Cir 2006); *Thornapple Assocs., Inc. v. Sahagen,* No. 06 Civ.

6412 (JFK), 2007 WL 747861 at* 2 (S.D.N.Y. Mar. 12, 2007).  Under New York law,

orders of attachment are governed by Article 62 of New York's Civil Practice Law and

Rules ("CPLR").

At the outset, CPLR § 6201 requires that there be an action for money damages.

CPLR § 6201(1) authorizes an order of attachment in cases where "the defendant is a

non-domiciliary residing without the state, or is a foreign corporation not qualified to do

business in the state."  In addition to the threshold showing prescribed by CPLR § 6201,

CPLR § 6212 requires the plaintiff to adduce evidence "(i) that there is a cause of action,

(ii) that it is probable that plaintiff will succeed on the merits, and (iii) that the amount

demanded from the defendant exceeds all counterclaims known to the plaintiff."

Thus, where the above requirements are met, New York law recognizes that pre-

judgment attachment is available for the purpose of obtaining security.  *See ITC

Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217 (2d Cir 1983).  Finally, an

attachment will be granted if there is a risk to the enforceability of a future judgment.

*Thornapple Assocs.*, 2007 WL 747861 at *3.[1]

---

[1]    CPLR § 6211(a) also provides that "[a]n order of attachment may be granted without notice, before or after
service of summons and at any time prior to judgment." Id.  When a plaintiff proceeds *ex parte*, the Court's
order must direct the plaintiff to make a motion to confirm the attachment no later than five (5) days after
the levy.  *See* CPLR § 6211(b). Levy occurs once the order of attachment is served.  *Eisenberg v.
Citation-Langley Corp.*, 92 A.D.2d 795 (1st Dep't 1983).  Plaintiff will move to confirm the order of
attachment no more than five days after the order of attachment has been served.

2

A.    **Plaintiff Has Satisfied the Statutory Requirements of CPLR Article 62**

    1.    **The Grounds for Attachment Enumerated in CPLR §6201 Exist in this Case.**

The complaint sets forth causes of action against Zunda seeking money damages for fraud and for aiding and abetting a breach of fiduciary duty.  CPLR § 6201(1) is plainly applicable in this action because each of Avila, Pratola and Zunda is non-domiciliary residing in Argentina (Hartman Decl. ¶7).

    2.    **There is a Cause of Action Against Avila, Pratola and Zunda.**

The facts alleged in the Verified Complaint and attested to in the Hartman Declaration establish that DIRECTV has causes of action against Avila, Pratola and Zunda.

As set forth in the Verified Complaint and the Hartman Declaration, the conveyance of Tumely and the evidence of a pledge or other restriction upon the shares of Loraine, through which Avila owns his indirect interest in LAS, is a breach of contract. Avila's lack of disclosure regarding this transaction constitutes a breach of Park 610's fiduciary duty to a co-venturer.  His participation in an unwarranted pre-payment of management fees further constitutes a waste of corporate assets which would warrant recovery on the derivative claim asserted against him.

A claim for aiding and abetting a breach of fiduciary duty requires (a) a breach of fiduciary obligations by another (*i.e.*, the fiduciary), (b) proof that the defendant knowingly induced or participated in the fiduciary's breach and (c) proof that the plaintiff was damaged as a result of the breach. *See McGowan v. Ferro*, 859 A.2d 1012, 1041

3

(Del. Ch. 2004)(Delaware law); *S & K Sales Co. v. Nike*, 816 F.2d 843, 847-848 (2d Cir. 1987)(New York law); *see also, Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1115 (2d Cir. 1986); *Bernstein v. Kelso & Co.*, 231 A.D.2d 314, 323, 659 N.Y.S.2d 276, 282 (1st Dep't 1997).

All of these elements are present here. Park 610 and Avila owed DIRECTV fiduciary duties of loyalty and disclosure as to in all acts undertaken on behalf of, and with respect to the joint venture. The Complaint alleges, and the accompanying proof establishes, that Pratola and Zunda participated with the other Defendants in a scheme whereby LAS paid excessive, unearned management fees, some of which were diverted to Pratola and Zunda as kickbacks from Avila.

Similarly, the facts establish a cause of action for fraud. In New York, a fraud is established by proof that (1) the defendant misrepresented, whether affirmatively or by omission, a material existing fact, (2) knowledge on the part of the defendant of the statement's falsity, (3) an intent to deceive the plaintiff, (4) justifiable reliance by the plaintiff and (5) damages caused by the fraud. *E.g., Golub Assocs., Inc. v. Lincolnshire Mgmt*, 1 A.D.3d 237, 767 N.Y.S.2d 571 (1st Dep't 2003). Here, Zunda and Pratola led DIRECTV to believe that it was entering into a partnership with Avila and that the apportionment of the equity in the joint venture was the product of an honest, arms-length negotiation based upon an objective assessment of what Avila brought to the venture, not an arrangement for the benefit of two self-interested employees of DIRECTV Argentina, whom DIRECTV was entitled to assume were acting in DIRECTV's interests. The facts

more than adequately establish Pratola's and Zunda's intent to deceive DIRECTV and

damages arising from the fraud.

### 3. Documentary Evidence Establishes an Overwhelming Probability that DIRECTV Will Succeed on the Merits in this Case.

Under CPLR § 6212, a plaintiff must demonstrate that it is more likely than not

that it will succeed on its claims by showing proof stronger than that required to establish

a *prima facie* case. *See Musket Corp. v. PDVSA Petroleo, S.A.*, 512 F.Supp.2d 155, 160

(S.D.N.Y. 2007); *Thornapple Assoc.*, 2007 WL 747861 at *4 (citing *Merrill Lynch,*

*Pierce, Fenner & Smith Inc. v. Baninvensa Capital Markets, Ltd.*, No. 94 Civ. 2778

(LMM), 1995 WL 380129 at *1 (S.D.N.Y. June 26, 1995) and *Donaldson Lufkin &*

*Jenrette Securities Corp. v. Burgess*, No. 92 Civ. 1174 (KMW), 1992 WL 47980 at *2

(S.D.N.Y. Mar. 2, 1992)); *Perrotta v. Giannoccaro*, 141 Misc.2d 155, 532 N.Y.S.2d 998,

1000 (N.Y. Sup. Ct. 1988). The record here establishes abundantly that DIRECTV will

prevail on the merits in this action.

Simply put, the evidence adduced in support of this motion demonstrates

convincingly that DIRECTV has caught the Defendants red-handed. As set forth in the

Hartman Declaration, DIRECTV acquired substantial evidence, largely through a

forensic examination of Zunda's and Pratola's computers, that they had placed

themselves on both sides of the joint venture transaction, obtaining Avila's agreement to

give them a hidden, indirect beneficial ownership in the Channel as a sort of broker's fee

for facilitating the transaction with DIRECTV. When confronted, neither Zunda nor

Pratola offered a satisfactory explanation of their conduct in the matter. Plaintiff has

5

uncovered clear and convincing evidence confirming that Pratola and Zunda control

Leraman – even after their termination for corrupt and unethical conduct in connection

with the transaction. DIRECTV also has evidence of highly suspicious wire transfers that

were supposedly paid as part of Avila's management fee.

### 4.    The Amount Demanded Exceeds All Counterclaims.

Finally, plaintiff has satisfied the final requirement of CPLR 6212. As set forth in

the Hartman Declaration, plaintiff's demand in the complaint of $5,500,000 in the

aggregate exceeds all known counterclaims (of which none are known to DIRECTV).

*See OLBI USA, Inc. v. Agapov*, 283 A.D.2d 227 (1st Dep't 2001) (proof that defendant

does not have counterclaim is unnecessary); *See also Capital Ventures Int'l*, 443 F.3d at

219.

Accordingly, plaintiff has satisfied the statutory requirements of CPLR §§ 6201

and 6212.

### B.    DIRECTV Has Demonstrated the Need for Continuing Security Pending Entry of a Final Judgment.

Based upon the facts of this case, the equities weigh in favor of attachment against

each of Avila, Pratola and Zunda. Each of Zunda and Pratola is a non-domiciliary whose

only known assets in New York are brokerage and/or bank accounts. *See* Hartman Decl.

¶¶ 7,44. Avila, also a non-domiciliary, has liquid assets in New York, as well one item of

real property on Park Avenue. *Id.* Further, based upon these Defendants' past fraudulent

and dishonest conduct, it is reasonable to conclude that they will frustrate recovery of any

judgment that DIRECTV obtains.

6

The courts in this Circuit have consistently held that attachment is appropriate where the defendant has little or no assets in New York or where the nature of defendant's New York assets are liquid and easily transferred from the jurisdiction. *See ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 219 (2d Cir. 1983); *Thornapple Assoc., supra*, 2007 WL 747861 at *5; *Graubaud Mollen Dannett & Horowitz v. Kostantinides*, 709 F.Supp 428, 432 (S.D.N.Y 1989).

The facts of this case are strikingly similar to those in *Graubaud*, where the defendant was neither a resident nor a domiciliary of New York and his only assets in New York were brokerage accounts at Merrill Lynch. 709 F. Supp at 432.    The *Graubaud* court held that an attachment was appropriate because brokerage accounts, by nature, are liquid and can be easily transferred from the jurisdiction by a simple telephone call. The Court went on to note that "if the defendants were permitted to liquidate the account and if plaintiff were then to recover a judgment against the defendants, plaintiff would be in the inauspicious position of having to chase defendants to Saudi Arabia, Panama, Turkey or some other venue." *Id.*

Similarly, if Pratola, Zunda or Avila were permitted to liquidate their accounts in New York and plaintiff were to recover a judgment against them, plaintiff would be in the inauspicious position of having to chase them to far off jurisdictions, including Argentina.

Accordingly, security in the form of an order of attachment is warranted in this case.[2]

## CONCLUSION

Based on the foregoing, plaintiff's application for a pre-judgment attachment should be granted in its entirety.

Dated:      New York, New York
            April 29, 2008

Respectfully submitted,

**MINTZ & GOLD LLP**

*Terence W. McCormick*

Steven G. Mintz (SM 5428)
Terence W. McCormick (TM 2713)
470 Park Avenue South
10th Floor North
New York, N.Y. 10016-6819
Tel:   (212) 696-4848
Fax:  (212) 696-1231

*Attorneys for Plaintiff*
*DIRECTV Latin America, LLC*

---

[2]   CPLR §6212(b) requires that plaintiff post an "undertaking in a total amount fixed by the court, but not less than five hundred dollars . . . ." DIRECTV is prepared to pay that sum, or such other "amount that will protect the defendant against any damage that may result from the attachment." 12 Jack B. Weinstein, Harold L. Korn and Arthur R. Miller, *New York Civil Practice*, ¶¶6212.08, 6212.09 (2002).

8

**Bond** No. 6528825

In the   UNITED STATES DISTRICT, SOUTHERN DISTRICT _____ Court of the State of New York for the

County of _____

DIRECTV LATIN AMERICA, LLC, individually
and in the right and on behalf of LATIN
AMERICAN SPORTS, LLC,
                          Plaintiff,
              vs.
PARK 610, LLC, CARLOS VICENTE AVILA,
ROBERTO TIMISTIT, CARLOS PRATOLA,
ALEJANDRO ZUNDA CORNELL and DOES 1 through
10,                       Defendants,
and LATIN AMERICAN SPORTS, LLC, as a
Nominal Defendant.

}

**UNDERTAKING ON ATTACHMENT**
Case
INDEX NO.  08 CIV 3987

WHEREAS, the above-named Plaintiff _____ ha s _____ applied, or about to apply in the above-entitled action to one of the Justices of this Court for an order of attachment against the property of the above-named Defendant,  Alejandro Zunda Cornell

_____

under and by virtue of the Civil Practice Law and Rules. FRCP (64) –Federal
                          Article 62

NOW, THEREFORE, the      Safeco Insurance Company of America _____ ,
having an office and principal place of business in the State of New York, at  330 N. Brand Blvd.,Ste.680,Glendale,CA 91203
hereby undertakes, pursuant to the Statute, in the amount of  California-Six Hundred Thousand And No/100------
------------------------------------------------------- Dollars ($  600,000.00       ),
of which amount the sum of   Six Hundred Thousand And No/1000

Dollars ($  600,000.00
thereof is conditioned that the plaintiff will pay to the defendant _____ all costs and damages including reasonable attorney's fees
which may be sustained by reason of the attachment if the defendant _____ recover _____ judgment, or if it is finally decided that the plantiff
was not entitled to an attachment of the property of the defendant _____ and the balance of  Six Hundred Thousand
and No/100                                                   Dollars ($  600,000.00           )
is conditioned that the plaintiff will pay to the sheriff all of his allowable fees.

Dated  May 8 _____ ,  2008 _____

                          SAFECO INSURANCE COMPANY OF AMERICA
                          _____

                          By _____
                              Cesar F. Javier              Attorney-in-Fact

XDP

Bond

---

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

DIRECTV LATIN AMERICA, LLC,
           Plaintiff,                       **08 Civ. 3987 (VM)(GWG)**

    v.

PARK 610, LLC, CARLOS VICENTE AVILA,
ROBERTO TIMISTIT, CARLOS PRATOLA,
ALEJANDRO ZUNDA CORNELL
and DOES 1 through 10,
           Defendants.

---

### UNDERTAKING ON ATTACHMENT

SURETY

---

**To**      THE ABOVE NAMED DEFENDANTS

---

Please take notice that an Undertaking of which the
within is a copy has been duly executed and filed herein
with the Clerk of the   United States District
Court for the Southern District of
New York.

Dated   May 12              ,  2008

*Terence W. McCormick*

Attorney for Plaintiff

---



**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

No. 9085

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

**\*\*\*\*\*\*\*\*\*\*TENZER V. CUNNINGHAM; CESAR J. JAVIER; CHRISTINA JOHNSON; SHANNA E. JUDSON; KRISTINE MENDEZ; JEFFREY STRASSNER; NATALIE K. TROFIMOFF; PATRICIA TALAVERA; Los Angeles, CA\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.
**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA have each executed and attested these presents**

this _____25th_____ day of _____January_____, _____2008_____

_Stephanie Daley-Watson_
**STEPHANIE DALEY-WATSON, SECRETARY**

_Tim Mikolajewski_
**TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
    (i)  The provisions of Article V, Section 13 of the By-Laws, and
    (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
    (iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson   , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this _____ day of **MAY 8 - 2008** , _____




_Stephanie Daley-Watson_
**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05

WEB PDF

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of _____ California _____

County of _____ Los Angeles _____

On __ MAY 8 - 2008 __ before me, _____ Shanna E. Judson, Notary Public _____

personally appeared, _____ Cesar F. Javier _____

who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
SIGNATURE OF NOTARY

SHANNA E. JUDSON
Commission # 1628023
Notary Public - California
Los Angeles County
My Comm. Expires Dec 8, 2009

**Notary Public Seal**

════════════════ **OPTIONAL** ════════════════

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**DESCRIPTION OF ATTACHED DOCUMENT:**

**TITLE OR TYPE OF DOCUMENT:** _____

**NUMBER OF PAGES:** _____ **DOCUMENT DATE:** _____

**CAPACITY(IES) CLAIMED BY SIGNER(S)**

Signer's Name: _____ | Signer's Name_____

☐ INDIVIDUAL | ☐ INDIVIDUAL

☐ CORPORATE OFFICER | ☐ CORPORATE OFFICER
Title(s)_____ | Title(s)_____

☐ PARTNER(S) ☐ LIMITED ☐ GENERAL | ☐ PARTNER(S) ☐ LIMITED ☐ GENERAL

☒ ATTORNEY-IN-FACT | ☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S) | ☐ TRUSTEE(S)

☐ GUARDIAN/CONSERVATOR | ☐ GUARDIAN/CONSERVATOR

☐ OTHER: _____ | ☐ OTHER: _____

Signer is representing: | Signer is representing:

NAME OF PERSON(S) OR ENTITY(IES) | NAME OF PERSON(S) OR ENTITY(IES)

MAY 1 2 2008

**Bond** No. 6528826

In the   UNITED STATES DISTRICT, SOUTHERN DISTRICT _____   Court of the State of New York for the

County of _____

_____

DIRECTV LATIN AMERICA, LLC, individually
and in the right and on behalf of LATIN
AMERICAN SPORTS, LLC,
                    Plaintiff,
           vs.                                    }
PARK 610, LLC, CARLOS VICENTE AVILA,
ROBERTO TIMISTIT, CARLOS PRATOLA,
ALEJANDRO ZUNDA CORNELL and DOES 1 through
10,                 Defendants,
and LATIN AMERICAN SPORTS, LLC, as a
Nominal Defendant. _____

**UNDERTAKING ON ATTACHMENT**
Case
INDEX NO.  08 CIV 3987 _____

WHEREAS, the above-named Plaintiff ____ ha s ____ applied, or about to apply in the above-entitled action to one of the Justices of this
Court for an order of attachment against the property of the above-named Defendant,  Carlos Pratola _____

_____

_____

under and by virtue of the Civil Practice Law and Rules. FRCP (64) -Federal
                Article 62
NOW, THEREFORE, the ____  Safeco Insurance Company of America _____,
having an office and principal place of business in the State of New York, at  330 N. Brand Blvd.,Ste.680,Glendale,CA91203
hereby undertakes, pursuant to the Statute, in the amount of  California Six Hundred Thousand And No/100------
--------------------------------------------------- Dollars ($  600,000.00 ),
of which amount the sum of  Six Hundred Thousand And No/1000 _____

                                Dollars ($  600,000.00 )
thereof is conditioned that the plaintiff will pay to the defendant _____ all costs and damages including reasonable attorney's fees
which may be sustained by reason of the attachment if the defendant ___ recover ___ judgment, or if it is finally decided that the plaintiff
was not entitled to an attachment of the property of the defendant ____ and the balance of  Six Hundred Thousand
and No/100 _____ Dollars ($  600,000.00 )
is conditioned that the plaintiff will pay to the sheriff all of his allowable fees.

Dated  May 8 _____ ,  2008 _____

                    SAFECO INSURANCE COMPANY OF AMERICA
                    _____


                    By  _____
                        Cesar F. Javier          Attorney-in-Fact

XDP

Bond

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

DIRECTV LATIN AMERICA, LLC,
                    Plaintiff,                              08 Civ. 3987 (VM)(GWG)
          v.

PARK 610, LLC, CARLOS VICENTE AVILA,
ROBERTO TIMISTIT, CARLOS PRATOLA,
ALEJANDRO ZUNDA CORNELL
and DOES 1 through 10,
                    Defendants.

### UNDERTAKING ON ATTACHMENT

SURETY

To        THE ABOVE NAMED DEFENDANTS

Please take notice that an Undertaking of which the
within is a copy has been duly executed and filed herein
with the Clerk of the United States District
Court for the Southern District of
New York.

Dated    May 12                    ,  2008

_Terence N. McCormick_
Attorney for Plaintiff



**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

**KNOW ALL BY THESE PRESENTS:**

No.  9085

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

*********TENZER V. CUNNINGHAM; CESAR J. JAVIER; CHRISTINA JOHNSON; SHANNA E. JUDSON; KRISTINE MENDEZ; JEFFREY STRASSNER; NATALIE K. TROFIMOFF; PATRICIA TALAVERA; Los Angeles, CA***************************************

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.
**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA have each executed and attested these presents**

this  25th  day of  January  , 2008

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON,SECRETARY**

*T AMikolajewski*

**TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
   (i)  The provisions of Article V, Section 13 of the By-Laws, and
   (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
   (iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson     , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this  _____  day of  **MAY 8 - 2008**  . _____

[SEAL: SAFECO INSURANCE COMPANY OF AMERICA, CORPORATE SEAL, 1953, STATE OF WASHINGTON]

[SEAL: GENERAL INSURANCE COMPANY OF AMERICA, CORPORATE SEAL, 1923, STATE OF WASHINGTON]

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05

WEB PDF

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of _____ California _____

County of _____ Los Angeles _____

On ___ MAY 8 - 2008 _____ before me, _____ Shanna E. Judson, Notary Public _____

personally appeared, _____ Cesar F. Javier _____

who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
SIGNATURE OF NOTARY

SHANNA E. JUDSON
Commission # 1626023
Notary Public - California
Los Angeles County
My Comm. Expires Dec 8, 2009

**Notary Public Seal**

━━━━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━━━━

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**DESCRIPTION OF ATTACHED DOCUMENT:**

**TITLE OR TYPE OF DOCUMENT:** _____

**NUMBER OF PAGES:** _____ **DOCUMENT DATE:** _____

**CAPACITY(IES) CLAIMED BY SIGNER(S)**

Signer's Name: _____  Signer's Name_____

☐ INDIVIDUAL                            ☐ INDIVIDUAL

☐ CORPORATE OFFICER                     ☐ CORPORATE OFFICER
Title(s)_____          Title(s)_____

☐ PARTNER(S) ☐ LIMITED ☐ GENERAL        ☐ PARTNER(S) ☐ LIMITED ☐ GENERAL

☒ ATTORNEY-IN-FACT                      ☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S)                            ☐ TRUSTEE(S)

☐ GUARDIAN/CONSERVATOR                  ☐ GUARDIAN/CONSERVATOR

☐ OTHER: _____        ☐ OTHER: _____

Signer is representing:                 Signer is representing:

NAME OF PERSON(S) OR ENTITY(IES)        NAME OF PERSON(S) OR ENTITY(IES)

MAY 12 2008

Bond No. 6528824

In the  UNITED STATES DISTRICT, SOUTHERN DISTRICT _____ Court of the State of New York for the

County of _____

DIRECTV LATIN AMERICA, LLC, individually
and in the right and on behalf of LATIN
AMERICAN SPORTS, LLC,
                    Plaintiff,
          vs.                          }
PARK 610, LLC, CARLOS VICENTE AVILA,
ROBERTO TIMISTIT, CARLOS PRATOLA,
ALEJANDRO ZUNDA CORNELL and DOES 1 through
10,             Defendants,
and LATIN AMERICAN SPORTS, LLC, as a
Nominal Defendant.

**UNDERTAKING ON ATTACHMENT**
Case
INDEX NO.  08 CIV 3987

WHEREAS, the above-named Plaintiff _____ ha s _____ applied, or about to apply in the above-entitled action to one of the Justices of this
Court for an order of attachment against the property of the above-named Defendant,  Carlos Vicente Avila

_____

under and by virtue of the Civil Practice Law and Rules. FRCP (64) -Federal
                              Article 62                                    ,
NOW, THEREFORE, the _____ Safeco Insurance Company of America _____ ,
having an office and principal place of business in the State of New York, at  330 N. Brand Blvd.,Ste.680,Glendale,CA91203
hereby undertakes, pursuant to the Statute, in the amount of  California—Six Hundred Thousand And No/100------
------------------------------------------------- Dollars ($  600,000.00      ),
of which amount the sum of   Six Hundred Thousand And No/1000

                                              Dollars ($  600,000.00 _____
thereof is conditioned that the plaintiff will pay to the defendant _____ all costs and damages including reasonable attorney's fees
which may be sustained by reason of the attachment if the defendant ___ recover ___ judgment, or if it is finally decided that the plaintiff
was not entitled to an attachment of the property of the defendant ___ and the balance of  Six Hundred Thousand
and No/100                                     Dollars ($  600,000.00 _____ )
is conditioned that the plaintiff will pay to the sheriff all of his allowable fees.

Dated  May 8 _____ , 2008 _____

                              SAFECO INSURANCE COMPANY OF AMERICA
                              _____

                              By _____
                                    Cesar F. Javier          Attorney-in-Fact

XDP

Bond

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

DIRECTV LATIN AMERICA, LLC,
                  Plaintiff,
     v.

PARK 610, LLC, CARLOS VICENTE AVILA,
ROBERTO TIMISTIT, CARLOS PRATOLA,
ALEJANDRO ZUNDA CORNELL
and DOES 1 through 10,
                  Defendants.

08 Civ. 3987 (VM)(GWG)

**UNDERTAKING ON ATTACHMENT**

SURETY

To

THE ABOVE NAMED DEFENDANTS

Please take notice that an Undertaking of which the within is a copy has been duly executed and filed herein with the Clerk of the United States District Court for the Southern District of New York.

Dated _____ May 12 _____ , _2008_

_Terence V. McCormick_
Attorney for Plaintiff



**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

**KNOW ALL BY THESE PRESENTS:**

No.   9085

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*TENZER V. CUNNINGHAM; CESAR J. JAVIER; CHRISTINA JOHNSON; SHANNA E. JUDSON; KRISTINE MENDEZ; JEFFREY STRASSNER; NATALIE K. TROFIMOFF; PATRICIA TALAVERA; Los Angeles, CA\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.
**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA have each executed and attested these presents**

this   25th                         day of   January                    ,   2008

*Stephanie Daley-Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

*T AMikolajewski*

**TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
  (i)   The provisions of Article V, Section 13 of the By-Laws, and
  (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
  (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson    , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this _____ day of   **MAY 8 – 2008**    .  _____

SEAL 1953 STATE OF WASHINGTON SAFECO INSURANCE COMPANY OF AMERICA CORPORATE

CORPORATE SEAL 1923 STATE OF WASHINGTON GENERAL INSURANCE COMPANY OF AMERICA

*Stephanie Daley-Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05

WEB PDF

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of _____ California _____

County of _____ Los Angeles _____

On ___MAY 8 – 2008___ before me, _____ Shanna E. Judson, Notary Public _____

personally appeared, _____ Cesar F. Javier _____

who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
SIGNATURE OF NOTARY

> SHANNA E. JUDSON
> Commission # 1628023
> Notary Public - California
> Los Angeles County
> My Comm. Expires Dec 8, 2009

Notary Public Seal

■━━━━━━━ **OPTIONAL** ━━━━━━━■

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**DESCRIPTION OF ATTACHED DOCUMENT:**

**TITLE OR TYPE OF DOCUMENT:** _____

**NUMBER OF PAGES:** _____ **DOCUMENT DATE:** _____

**CAPACITY(IES) CLAIMED BY SIGNER(S)**

Signer's Name: _____    Signer's Name_____

☐ INDIVIDUAL                                  ☐ INDIVIDUAL

☐ CORPORATE OFFICER                           ☐ CORPORATE OFFICER
Title(s)_____              Title(s)_____

☐ PARTNER(S) ☐ LIMITED ☐ GENERAL              ☐ PARTNER(S) ☐ LIMITED ☐ GENERAL

☒ ATTORNEY-IN-FACT                            ☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S)                                  ☐ TRUSTEE(S)

☐ GUARDIAN/CONSERVATOR                        ☐ GUARDIAN/CONSERVATOR

☐ OTHER: _____             ☐ OTHER: _____

Signer is representing:                       Signer is representing:

NAME OF PERSON(S) OR ENTITY(IES)              NAME OF PERSON(S) OR ENTITY(IES)