**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | |
|---|---|
| DIRECTV LATIN AMERICA, LLC, | : |
| individually and in the right and on behalf | :    **08 Civ. 3987 (VM)(GWG)** |
| of LATIN AMERICAN SPORTS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| PARK 610, LLC, | : |
| CARLOS VICENTE AVILA, | : |
| ROBERTO TIMISTIT, | : |
| CARLOS PRATOLA, | : |
| ALEJANDRO ZUNDA CORNELL and | : |
| DOES 1 through 10, | : |
| | : |
| Defendants, | : |
| | : |
| and | : |
| | : |
| LATIN AMERICAN SPORTS, LLC, | : |
| | : |
| as a Nominal Defendant. | : |

-------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CONFIRM THE ORDERS OF ATTACHMENT


MINTZ & GOLD LLP
Steven G. Mintz (SM 5428)
Terence W. McCormick (TM 2173)
470 Park Avenue South
10th Floor North
New York, New York 10016-6819
Tel:   (212) 696-4848
Fax:   (212) 696-1231
*Attorneys for Plaintiff*
*DIRECTV Latin America, LLC*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF FACTS ................................................................................. 1

ARGUMENT ..................................................................................................... 2

PLAINTIFF IS ENTITLED TO AN ORDER
AWARDING PRE-JUDGMENT ATTACHMENT ......................................... 2

    A. Plaintiff Has Satisfied the Statutory Requirements of CPLR Article 62 ............. 4

        1. The Grounds for Attachment Enumerated in CPLR § 6201 Exist
          in this Case. ...................................................................................... 4

        2. There is a Cause of Action Against Avila, Pratola and Zunda. ........................ 4

        3. Documentary Evidence Establishes an Overwhelming Probability that
          DIRECTV Will Succeed on the Merits in this Case. ...................................... 6

        4. The Amount Demanded Exceeds All Counterclaims. .................................... 8

B.     DIRECTV Has Demonstrated the Need to Continue the Levy
       Pending Entry of a Final Judgment. .................................................... 8

CONCLUSION ................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*Bank of Leumi Trust Co. of New York v. Istim, Inc.*,
    892 F.Supp. 478 (S.D.N.Y. 1995) ........................................................................ 7

*Bernstein v. Kelso & Co.*,
    231 A.D.2d 314, 659 N.Y.S.2d 276 (1st Dep't 1997) ........................................... 5

*Capital Ventures Intern. v. Republic of Argentina*,
    443 F.3d 214 (2d Cir 2006) ................................................................................. 2

*Correspondent Serv. Corp. v. J.V.W. Inv. Ltd.*,
    No. 99 Civ. 8934 (RWS), 2000 WL 1718785 (S.D.N.Y. Nov. 14, 2000) ............. 8

*Donaldson Lufkin & Jenrette Securities Corp. v. Burgess*,
    No. 92 Civ. 1174 (KMW), 1992 WL 47980 (S.D.N.Y. Mar. 2, 1992) .................. 6

*Eisenberg v. Citation-Langley Corp.*,
    92 A.D.2d 795, 459 N.Y.S.2d 788 (1st Dep't 1983) ............................................. 3

*Golub Assocs., Inc. v. Lincolnshire Mgmt*,
    1 A.D.3d 237, 767 N.Y.S.2d 571 (1st Dep't 2003) ............................................... 6

*Graubaud Mollen Dannett & Horowitz v. Kostantinides*,
    709 F.Supp 428 (S.D.N.Y 1989) ......................................................................... 9

*ITC Entertainment, Ltd. v. Nelson Film Partners*,
    714 F.2d 217 (2d Cir 1983) ............................................................................. 3, 9

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Development and Trade Services*,
    306 F.Supp.2d 482 (S.D.N.Y. 2004) ................................................................... 7

*McGowan v. Ferro*,
    859 A.2d 1012 (Del. Ch. 2004) ........................................................................... 5

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Baninvensa Capital Markets, Ltd.*,
    No. 94 Civ. 2778 (LMM), 1995 WL 380129 (S.D.N.Y. June 26, 1995) .............. 6

*Musket Corp. v. PDVSA Petroleo, S.A.*,
    512 F.Supp.2d 155 (S.D.N.Y. 2007) ................................................................... 6

*OLBI USA, Inc. v. Agapov*,
   283 A.D.2d 227, 724 N.Y.S.2d 839 (1st Dep't 2001) ............................................. 8

*Perrotta v. Giannoccaro*,
   141 Misc.2d 155, 532 N.Y.S.2d 998 (N.Y. Sup. Ct. 1988)  ................................... 6

*Thornapple Assocs., Inc. v. Sahagen*,
   No. 06 Civ. 6412 (JFK), 2007 WL 747861(S.D.N.Y. Mar. 12, 2007)  ....... 2, 4, 6, 9

*S & K Sales Co. v. Nike*,
   816 F.2d 843 (2d Cir. 1987)  .................................................................. 5

*Whitney v. Citibank, N.A.*,
   782 F.2d 1106 (2d Cir. 1986)  ................................................................ 5

## Statutes and Other Authorities

N.Y. C.P.L.R. 6201  ............................................................................. 3, 4, 8

N.Y. C.P.L.R. 6211  ............................................................................. 1, 3

N.Y. C.P.L.R. 6212  ............................................................................. 3, 6, 8

12 Jack B. Weinstein, Harold L. Korn & Arthur R. Miller,
*New York Civil Practice* at ¶6212.05  ................................................................ 8

**PRELIMINARY STATEMENT**

Plaintiff, DIRECTV Latin America LLC ("DIRECTV" or "Plaintiff"),

individually and derivatively on behalf of Latin American Sports, LLC ("LAS")

respectfully submits this Memorandum of Law, along with the accompanying

Declaration of Michael Hartman, dated April 29, 2008 ("Hartman Decl."), in support of

its motion, pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 6211(b) to confirm the

pre-judgment Orders of Attachment of assets of, and debts owed to, defendants Alejandro

Zunda Cornell ("Zunda"), Carlos Pratola ("Pratola") and Carlos Vicente Avila ("Avila")

in an amount sufficient to satisfy DIRECTV's judgment against those Defendants.

**STATEMENT OF FACTS**

Plaintiff respectfully refers the Court to the Declaration of Michael Hartman,

previously submitted in support of DIRECTV's *ex parte* application for the

aforementioned Orders of Attachment, and the Verified Complaint filed in this action, for

a full and complete recitation of the facts.

Briefly, however, the gravamen of this action is that, at the urging of two corrupt

former employees of DIRECTV's Argentine subsidiary (Pratola and Zunda), DIRECTV

entered into a joint venture with Defendant Carlos Vicente Avila ("Avila"). In

furtherance of that joint venture, DIRECTV and Avila formed a limited liability

company, Latin American Sports, LLC ("LAS"). The purpose of the enterprise was to

create a Spanish language television channel to broadcast golf programming in Latin

America (the "Channel").  The overarching, material assumption behind DIRECTV's

decision to invest was that Avila, and *only* Avila, would be DIRECTV's partner in the

Channel.  DIRECTV funded the Channel through capital contributions and loans in the

approximate amount of $5,550,000.

However, in late 2007, DIRECTV discovered that Avila and Timistit had secretly

arranged to transfer half of Avila's beneficial ownership in LAS to a Uruguayan

corporation, Leraman S.A. ("Leraman").  Upon information and belief, Leraman is

controlled by Pratola and Zunda.  In addition to the "bait and switch" just described,

Defendants Pratola and Zunda assisted Avila in improperly collecting excessive

management fees.  DIRECTV has therefore brought this action for breach of contract,

specific performance, fraud, breach of fiduciary duty, and aiding and abetting a breach of

fiduciary duty.

## POINT OF LAW

### PLAINTIFF IS ENTITLED TO AN ORDER
### AWARDING PRE-JUDGMENT ATTACHMENT

Fed. R. Civ. P. 64 provides that "[a]t the commencement of and throughout an

action, every remedy is available that, under the law of the state where the court is

located, provides for seizing a person or property to secure satisfaction of the potential

judgment."  Accordingly, this Court must look to New York State law governing the

issuance of pre-judgment attachments.  *See Capital Ventures Intern. v. Republic of*

*Argentina,* 443 F.3d 214 (2d Cir 2006); *Thornapple Assocs., Inc. v. Sahagen*, No. 06 Civ.

6412 (JFK), 2007 WL 747861 at* 2 (S.D.N.Y. Mar. 12, 2007).  Under New York law,

orders of attachment are governed by Article 62 of New York's Civil Practice Law and

Rules ("CPLR").

2

CPLR § 6211(b) requires the party obtaining an *ex parte*, pre-judgment order of attachment to move on notice to confirm the order. Where, as here, the attachment has been sought and obtained because a defendant is a nondomiciliary residing without the state or a foreign corporation not qualified to do business within the state, the motion is generally required to be made ten days after the levy.[1]

The statutory requirements governing a motion to confirm an attachment are generally co-extensive with the showing required for the original *ex parte* application. Pursuant to CPLR § 6212(a), on a motion for an order to confirm an order of attachment, the plaintiff is required to show "that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." Pursuant to CPLR § 6211(b), upon the motion to confirm an *ex parte* attachment order, "the plaintiff shall have the burden of establishing the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits."

Where the above requirements are met, federal and New York law recognize that pre-judgment attachment is available for the purpose of obtaining security. *See ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217 (2d Cir 1983). An

---

[1]    DIRECTV's original memorandum of law inadvertently identified the required period of confirmation as being five days from the levy. In fact, where, as here, the ground asserted for the attachment is the non-domiciliary status of the defendant, pursuant to CPLR § 6201(1), the moving period is actually ten days from the levy, with an optional extension of ten additional days at the discretion of the court. Levy occurs once the order of attachment is served. *Eisenberg v. Citation-Langley Corp.*, 92 A.D.2d 795, 459 N.Y.S.2d 788 (1st Dep't 1983). The levies took place on April 30, 2008, May 2, 2008 and May 5, 2008. Pursuant to CPLR §6212(b) and this Court's Orders of Attachment of April 29, 2008, Plaintiff has obtained a bond in the amount of $600,000 as to each of the three Defendants against whom the attachment was granted. McCormick Decl. at Exhibit 2.

attachment will be granted if there is a risk to the enforceability of a future judgment, i.e., if the non-domiciliary defendant removes property from the jurisdiction. *Thornapple Assocs., supra,* 2007 WL 747861 at *3.

**A.      Plaintiff Has Satisfied the Statutory Requirements of CPLR Article 62**

       **1.      The Grounds for Attachment Enumerated in CPLR § 6201 Exist in this Case.**

The complaint sets forth causes of action against Avila, Pratola and Zunda, seeking money damages for fraud, breach of fiduciary duty and for aiding and abetting a breach of fiduciary duty.  CPLR § 6201(1) is plainly applicable in this action because each of Avila, Pratola and Zunda is a non-domiciliary residing in Argentina (Hartman Decl. at ¶7; Verified Complaint at ¶¶10, 14, 15).

       **2.      There is a Cause of Action Against Avila, Pratola and Zunda**.

As demonstrated in our prior submission, the facts alleged in the Verified Complaint and attested to in the Hartman Declaration, along with the exhibits annexed thereto, prove that DIRECTV has causes of action against Avila, Pratola and Zunda.

As set forth in the Verified Complaint and the Hartman Declaration, the conveyance of Tumely, S.A., and the evidence of a pledge or other restriction upon the shares of Loraine, S.A., through which companies Avila owned his indirect interest in Latin American Sports, LLC ("LAS"), is a breach of contract, constituting Events of Default under the LLC Agreement of LAS, to which Avila's company, Park 610, LLC, and DIRECTV are parties.   Avila's lack of disclosure regarding this transaction constitutes a separate breach of his fiduciary duty to a co-venturer (DIRECTV).

4

Additionally, Avila's participation in an unwarranted pre-payment of management fees constituted a waste of corporate assets which would warrant recovery on the derivative claim asserted against him.

As to Pratola and Zunda, the Verified Complaint states causes of action for aiding and abetting a breach of fiduciary duty as well as a claim for fraud. A claim for aiding and abetting a breach of fiduciary duty requires (a) a breach of fiduciary obligations by another (*i.e.*, the fiduciary, Avila and Park 610, LLC), (b) proof that the defendant knowingly induced or participated in the fiduciary's breach and (c) proof that the plaintiff was damaged as a result of the breach. *See, e.g., McGowan v. Ferro*, 859 A.2d 1012, 1041 (Del. Ch. 2004)(Delaware law); *S & K Sales Co. v. Nike*, 816 F.2d 843, 847-848 (2d Cir. 1987)(New York law); *see also, Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1115 (2d Cir. 1986); *Bernstein v. Kelso & Co.*, 231 A.D.2d 314, 323, 659 N.Y.S.2d 276, 282 (1st Dep't 1997).

All of these elements are present here. Park 610 and Avila owed DIRECTV fiduciary duties of loyalty and disclosure as to in all acts undertaken on behalf of, and with respect to the joint venture and LAS. The Verified Complaint alleges, and the accompanying proof establishes, that Pratola and Zunda participated with the other Defendants in a scheme whereby LAS paid excessive, unearned management fees, some of which were diverted to Pratola and Zunda as kickbacks from Avila. (Hartman Decl. at ¶¶35-39).

Similarly, the facts establish a cause of action for fraud. In New York, a fraud is established by proof that (1) the defendant misrepresented, whether affirmatively or by

omission, a material existing fact, (2) knowledge on the part of the defendant of the statement's falsity, (3) an intent to deceive the plaintiff, (4) justifiable reliance by the plaintiff and (5) damages caused by the fraud. *E.g., Golub Assocs., Inc. v. Lincolnshire Mgmt*, 1 A.D.3d 237, 767 N.Y.S.2d 571 (1st Dep't 2003). Here, Zunda and Pratola led DIRECTV to believe that it was entering into a partnership with Avila and that the apportionment of the equity in the joint venture was the product of an honest, arms-length negotiation based upon an objective assessment of what Avila brought to the venture, not an arrangement for the benefit of two self-interested employees of DIRECTV Argentina, whom DIRECTV was entitled to assume were acting in DIRECTV's interests. (Hartman Decl. at ¶¶10-17; 27-34). The facts more than adequately establish Pratola's and Zunda's intent to deceive DIRECTV and damages arising from the fraud.

3. **Documentary Evidence Establishes an Overwhelming Probability that DIRECTV Will Succeed on the Merits in this Case.**

As this Court recently observed, under CPLR § 6212, a plaintiff must demonstrate that it is more likely than not that it will succeed on its claims by showing proof stronger than that required to establish a *prima facie* case. *See Musket Corp. v. PDVSA Petroleo, S.A.*, 512 F.Supp.2d 155, 160 (S.D.N.Y. 2007)(Marrero, *J.*); *see also Thornapple Assoc.*, 2007 WL 747861 at *4 (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Baninvensa Capital Markets, Ltd.*, No. 94 Civ. 2778 (LMM), 1995 WL 380129 at *1 (S.D.N.Y. June 26, 1995) and *Donaldson Lufkin & Jenrette Securities Corp. v. Burgess*, No. 92 Civ. 1174 (KMW), 1992 WL 47980 at *2 (S.D.N.Y. Mar. 2, 1992)); *Perrotta v. Giannoccaro*, 141 Misc.2d 155, 532 N.Y.S.2d 998, 1000 (N.Y. Sup. Ct. 1988). "In determining

whether there is a likelihood of success on the merits, all legitimate inferences should be drawn in favor of the party seeking the attachment." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Development and Trade Services, Inc.*, 306 F.Supp.2d 482, 485 (S.D.N.Y. 2004)(citing *Bank of Leumi Trust Co. of New York v. Istim, Inc.*, 892 F.Supp. 478, 482 (S.D.N.Y. 1995)). The record here establishes abundantly that DIRECTV will prevail on the merits in this action.

As we put it in our principal submission, the evidence adduced in support of this motion demonstrates convincingly that DIRECTV has caught the Defendants red-handed. DIRECTV acquired substantial evidence, largely through a forensic examination of Zunda's and Pratola's computers, that they had placed themselves on both sides of the joint venture transaction, obtaining Avila's agreement to give them a hidden, indirect beneficial ownership in the Channel as a sort of broker's fee for facilitating the transaction with DIRECTV. (Hartman Decl. at ¶¶8, 27-34). When confronted, neither Zunda nor Pratola offered a satisfactory explanation of their conduct in the matter. (*Id.* at ¶42). Plaintiff uncovered clear and convincing evidence confirming that Pratola and Zunda control Leraman, S.A., the entity to which Avila had improperly conveyed half of his ownership in the joint venture – even after their termination for corrupt and unethical conduct in connection with the transaction. DIRECTV further adduced evidence of highly suspicious wire transfers that were supposedly paid as part of Avila's management fee, but which were paid, not to the account of Defendant Park 610, LLC, but to Avila personally. The same evidence shows that some of the funds were sent to a UBS account in New York City believed to be a secret nominee account for Pratola and Zunda – two

employees of DIRECTV's subsidiary and certainly not people who should have been sharing in management fees. (Hartman Decl. ¶¶37-39).

    **4.**    **The Amount Demanded Exceeds All Counterclaims.**

Finally, plaintiff has satisfied the final requirement of CPLR § 6212. As set forth in the Hartman Declaration, plaintiff's demand in the complaint of $5,550,000 in the aggregate exceeds all known counterclaims (of which none are known to DIRECTV). *See* 12 Jack B. Weinstein, Harold L. Korn & Arthur R. Miller, *New York Civil Practice* at ¶6212.05 (citing, *inter alia*, *OLBI USA, Inc. v. Agapov,* 283 A.D.2d 227, 724 N.Y.S.2d 839 (1st Dep't 2001)(proof that defendant does not have counterclaim is unnecessary).

Accordingly, plaintiff has satisfied the statutory requirements of CPLR §§ 6201 and 6212.

**B.**    **DIRECTV Has Demonstrated the Need to Continue the Levy Pending Entry of a Final Judgment.**

Based upon the facts of this case, the equities weigh in favor of attachment against each of Avila, Pratola and Zunda. Each of Zunda and Pratola is a non-domiciliary whose only known assets in New York are brokerage and/or bank accounts. *See* Hartman Decl. ¶¶ 7,44. Avila, also a non-domiciliary, has liquid assets in New York, approximately $116,000 of which has been attached thus far, as well one item of real property on Park Avenue. *Id.* Further, based upon these Defendants' past fraudulent and dishonest conduct, it is reasonable to conclude that they will frustrate recovery of any money judgment that DIRECTV obtains. *See Correspondent Serv. Corp. v. J.V.W. Inv. Ltd.*, No. 99 Civ. 8934 (RWS), 2000 WL 1718785, at *4 (S.D.N.Y. Nov. 14, 2000)(continuing levy

appropriate if needed "to avert the chance that the funds will be transferred out of the jurisdiction").

The courts in this Circuit have consistently held that attachment is appropriate where the defendant has little or no assets in New York or where the nature of defendant's New York assets are liquid and easily transferred from the jurisdiction. *See ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 219 (2d Cir. 1983); *Thornapple Assoc.*, *supra*, 2007 WL 747861 at *5; *Graubard Mollen Dannett & Horowitz v. Kostantinides*, 709 F.Supp 428, 432 (S.D.N.Y 1989).

The facts of this case are strikingly similar to those in *Graubard,* where the defendant was neither a resident nor a domiciliary of New York and his only assets in New York were brokerage accounts at Merrill Lynch. 709 F. Supp at 432. The *Graubaud* court held that an attachment was appropriate because brokerage accounts, by nature, are liquid and can be easily transferred from the jurisdiction by a simple telephone call. The Court went on to note that "if the defendants were permitted to liquidate the account and if plaintiff were then to recover a judgment against the defendants, plaintiff would be in the inauspicious position of having to chase defendants to Saudi Arabia, Panama, Turkey or some other venue." *Id.*

Similarly, if Pratola, Zunda or Avila were permitted to liquidate their accounts in New York and DIRECTV were to recover a judgment against them, DIRECTV would be in the "inauspicious position" of having to chase their money in far off jurisdictions, including Argentina.

9

## CONCLUSION

Based on the foregoing, this Court's pre-judgment Orders of Attachment should be

confirmed in their entirety.

Dated:     New York, New York
           May 12, 2008

                              Respectfully submitted,

                              **MINTZ & GOLD LLP**


                              /s/  Terence W. McCormick
                              Steven G. Mintz (SM 5428)
                              Terence W. McCormick (TM 2713)
                              470 Park Avenue South
                              10th Floor North
                              New York, N.Y. 10016-6819
                              Tel:   (212) 696-4848
                              Fax:   (212) 696-1231

                              *Attorneys for Plaintiff*
                              *DIRECTV Latin America, LLC*

10