**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
DIRECTV LATIN AMERICA, LLC,                    :
individually and in the right and on behalf    :     **08 Civ. 3987 (VM)(GWG)**
of LATIN AMERICAN SPORTS, LLC,                 :
                                               :
                    Plaintiff,                 :     **DECLARATION OF**
                                               :     **TERENCE W. McCORMICK, ESQ.**
            v.                                 :     **IN SUPPORT OF MOTION TO**
                                               :     **CONFIRM ORDER OF**
PARK 610, LLC,                                 :     **ATTACHMENT AS TO**
CARLOS VICENTE AVILA,                          :     **PROPERTY OF**
ROBERTO TIMISTIT,                              :     **DIEGO CLEMENTE PURSUANT**
CARLOS PRATOLA,                                :     **TO F.R.C.P. 64**
ALEJANDRO ZUNDA CORNELL and                    :
DIEGO CLEMENTE                                 :
DOES 1 through 10,                             :
                                               :
                    Defendants,                :
                                               :
            and                                :
                                               :
LATIN AMERICAN SPORTS, LLC,                     :
                                               :
            as a Nominal Defendant.            :
--------------------------------------------------------X

      **TERENCE W. McCORMICK** declares pursuant to 28 U.S.C. §1746, under the

penalty of perjury under the laws of the United States of America as follows:

      1.      I am a member of the bar of this Court and an associate of the Firm of

Mintz & Gold LLP, attorneys for Plaintiff DIRECTV Latin America, LLC ("DIRECTV").

I make this Declaration in support of DIRECTV's motion to confirm the Order of

Attachment entered by the Honorable Richard J. Holwell, U.S.D.J., in Part 1 of this Court

on June 5, 2008.  I am fully familiar with the facts and circumstances described below.

2.      The evidence adduced in support this motion is set forth in (a) the

Declaration of Michael Hartman, Senior Vice President and General Counsel to

DIRECTV, dated April 29, 2008, (b) the Supplemental Declaration of Michael Hartman,

dated June 3, 2008, and (c) the Amended Verified Complaint, attested to on the same date.

3.      A copy of the Order of Attachment as to Defendant Diego Clemente is

annexed to this Declaration as Exhibit 1.  The memorandum of law filed in support of the

original *ex parte* application for attachment is annexed to this Declaration as Exhibit 2.

The letter of Terence W. McCormick, Esq., dated June 4, 2008, to the Honorable Victor

Marrero, U.S.D.J., is annexed to this Declaration as Exhibit 3.

4.      A copy of the undertaking for the attachment, in the amount of $20,000,

filed pursuant to the Order of Attachment, is annexed to this Declaration as Exhibit 4.

5.      The Order of Attachment was served upon UBS Financial Services and UBS

AG/Securities on June 5, 2008 by facsimile and on June 6, 2008 by hand.  UBS Financial

Services has attached funds in an account held by Defendant Diego Clemente on or about

June 10, 2008.  A copy of UBS's answer to the writ of attachment is annexed hereto as

Exhibit 5.

6.      As stated in the Supplemental Declaration of Michael Hartman, Defendant

Diego Clemente, against whom the instant Order of Attachment was entered, is not

domiciled in the State of New York.

7.      Defendant has yet been served with process in this action and Defendant has

yet appeared, through counsel or *pro se*.  Upon information and belief, Defendant Diego

Clemente resides in or around Buenos Aires, Argentina. However, we will serve copies of this motion upon him by mail.

8.    We have been advised that V. David Rivkin, Esq., of the Firm of Fox Horan & Camerini LLP will appear on behalf of Defendants Carlos Vicente Avila, Roberto Timistit and Park 610, LLC, and will serve a copy of this motion upon Mr. Rivkin.

9.    In addition, we have recently been contacted by counsel for Defendants Pratola and Zunda. In addition to serving Defendants Pratola and Zunda with copies of this motion, we will also serve courtesy copies upon their current attorney, who has not yet filed a notice of appearance.

**WHEREFORE,** Plaintiff DIRECTV Latin America, LLC respectfully requests that this Court enter an Order confirming the June 5, 2008 Order of Attachment. Plaintiff further respectfully requests that the instant motion to confirm the June 5, 2008 Order of Attachment be consolidated with the presently pending motion to confirm the previously entered Orders of Attachment against Defendants Carlos Vincente Avila, Carlos Pratola and Alejandro Zunda Cornell [Dkt. No. 15].

Dated: New York, New York
     June 13, 2008

Terence W. McCormick (TM 2713)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

DIRECTV LATIN AMERICA, LLC,
individually and in the right and on behalf
of LATIN AMERICAN SPORTS, LLC,

                       Plaintiff,

                 v.

PARK 610, LLC,
CARLOS VICENTE AVILA,
ROBERTO TIMISTIT,
CARLOS PRATOLA,
ALEJANDRO ZUNDA CORNELL and
DOES 1 through 10,

                    Defendants,

         and

LATIN AMERICAN SPORTS, LLC,

           as a Nominal Defendant.
-------------------------------------------------------X

08 Civ. 3987 (VM)(GWG)

[PROPOSED] RJH
**ORDER OF ATTACHMENT**

RICHARD J. HOLWELL
~~VICTOR MARRERO~~, U.S.D.J. (PART 1)

    Plaintiff has moved this Court for an order of attachment pursuant to Rule 64 of

the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law

and Rules ("CPLR"). Plaintiff has shown that it has causes of action, that it is probable

that it will succeed on the merits, that defendant Diego Clemente is a non-domiciliary

residing without the State of New York, having a domicile in or near Buenos Aires,

Argentina, and that the amount demanded from Defendants exceeds all counterclaims

known to Plaintiff.

1

**NOW THEREFORE,** for these reasons, as supported by the showings made in plaintiff's application for an order of attachment, including the Amended Verified Complaint, the Supplemental Declaration of Michael Hartman dated June 3, 2008, and the exhibits thereto, and based on all prior papers and proceedings had herein, it is hereby **ORDERED** that:

1.    Plaintiff's motion for an order of attachment is granted;

2.    The amount to be secured by this Order is ~~Five Million Five Hundred and Fifty Thousand Dollars ($5,550,000)~~. One Hundred Eighty Thousand Dollars ($180,000).

✓ 3.    Plaintiff shall post a bond in the amount of $ 20,000 as security.

4.    The United States Marshal for the Southern District of New York, or any person appointed to act in his place and stead, shall levy within his jurisdiction at any time before final judgment, upon any funds, monies, property and/or interests in property of defendant Diego Clemente, including without limitation funds, monies, property and/or interests in accounts held at UBS within the following account:

Banco UBS Financial Service
1285 Ave. of the Americas, 19th
New York, New York (10019)

Intermediario UBS AG
677 Washington Blvd.
Stamford, CT 06901

$180,000
as will satisfy the aforesaid sum of ~~$5,550,000~~ Dollars, and shall refrain from taking any property levied upon into his or her actual custody pending further order of this Court.

2

5.      Upon Plaintiff's application, and for good cause shown, the Court hereby appoints Cliff Perciavalle, who is employed by Plaintiff's counsel, to act in the place and stead of the U.S. Marshal for the purpose of serving the Order and effecting the levy ordered hereby.

6.      The statement required by CPLR 6219 shall be served by the garnishee upon the U.S. Marshal and plaintiff's counsel within five (5) days after service of this Order. Plaintiff shall move within 10 days after levy for an order confirming this order of attachment.

Dated: New York, New York
        June 5, 2008

                        **SO ORDERED**

                        U.S.D.J.

                        CERTIFIED AS A TRUE COPY ON

                        THIS DATE 6-5-08

                        BY
                                ( ) Clerk
                                ( ) Deputy

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DIRECTV LATIN AMERICA, LLC,                    :
individually and in the right and on behalf    :        **08 Civ. 3987 (VM)(GWG)**
of LATIN AMERICAN SPORTS, LLC,                 :
                                               :
                          Plaintiff,           :
                                               :
        v.                                     :
                                               :
PARK 610, LLC,                                 :
CARLOS VICENTE AVILA,                          :
ROBERTO TIMISTIT,                              :
CARLOS PRATOLA,                                :
ALEJANDRO ZUNDA CORNELL and                    :
DOES 1 through 10,                             :
                                               :
                          Defendants,          :
                                               :
              and                              :
                                               :
LATIN AMERICAN SPORTS, LLC,                    :
                                               :
              as a Nominal Defendant.          :
------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR A**
**PRE-JUDGMENT ORDER OF ATTACHMENT**


MINTZ & GOLD LLP
Steven G. Mintz (SM 5428)
Terence W. McCormick (TM 2173)
470 Park Avenue South
10th Floor North
New York, New York 10016-6819
Tel:    (212) 696-4848
Fax:    (212) 696-1231
*Attorneys for Plaintiff*
*DIRECTV Latin America, LLC*

## PRELIMINARY STATEMENT

Plaintiff, DIRECTV Latin America LLC ("DIRECTV" or "Plaintiff"), individually and derivatively on behalf of Latin American Sports, LLC ("LAS") respectfully submits this Memorandum of Law, along with the accompanying Declaration of Michael Hartman, dated April 29, 2008 ("Hartman Decl."), in support of its *ex parte* application, pursuant to Fed. R. Civ. P. 64, for a pre-judgment order of attachment as to the assets of, and debts owed to, defendants Alejandro Zunda Cornell ("Zunda"), Carlos Pratola ("Pratola") and Carlos Vicente Avila ("Avila") in an amount sufficient to satisfy DIRECTV's eventual judgment against those Defendants.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the accompanying Hartman Declaration, and the Verified Complaint filed in this action, for a full and complete recitation of the facts.

## POINT OF LAW

### PLAINTIFF IS ENTITLED TO AN ORDER AWARDING PRE-JUDGMENT ATTACHMENT

Fed. R. Civ. P. 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Accordingly, this Court must look to New York State law governing the issuance of pre-judgment attachments. *See Capital Ventures Intern. v. Republic of Argentina,* 443 F.3d 214 (2d Cir 2006); *Thornapple Assocs., Inc. v. Sahagen*, No. 06 Civ.

6412 (JFK), 2007 WL 747861 at* 2 (S.D.N.Y. Mar. 12, 2007).  Under New York law, orders of attachment are governed by Article 62 of New York's Civil Practice Law and Rules ("CPLR").

At the outset, CPLR § 6201 requires that there be an action for money damages. CPLR § 6201(1) authorizes an order of attachment in cases where "the defendant is a non-domiciliary residing without the state, or is a foreign corporation not qualified to do business in the state."  In addition to the threshold showing prescribed by CPLR § 6201, CPLR § 6212 requires the plaintiff to adduce evidence "(i) that there is a cause of action, (ii) that it is probable that plaintiff will succeed on the merits, and (iii) that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff."

Thus, where the above requirements are met, New York law recognizes that pre-judgment attachment is available for the purpose of obtaining security.  *See ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217 (2d Cir 1983).  Finally, an attachment will be granted if there is a risk to the enforceability of a future judgment. *Thornapple Assocs.,* 2007 WL 747861 at *3.[1]

---

[1]     CPLR § 6211(a) also provides that "[a]n order of attachment may be granted without notice, before or after service of summons and at any time prior to judgment." Id.  When a plaintiff proceeds *ex parte*, the Court's order must direct the plaintiff to make a motion to confirm the attachment no later than five (5) days after the levy.  *See* CPLR § 6211(b).  Levy occurs once the order of attachment is served.  *Eisenberg v. Citation-Langley Corp.*, 92 A.D.2d 795 (1st Dep't 1983).  Plaintiff will move to confirm the order of attachment no more than five days after the order of attachment has been served.

A.    **Plaintiff Has Satisfied the Statutory Requirements of CPLR Article 62**

    1.    **The Grounds for Attachment Enumerated in CPLR §6201 Exist in this Case.**

The complaint sets forth causes of action against Zunda seeking money damages for fraud and for aiding and abetting a breach of fiduciary duty.  CPLR § 6201(1) is plainly applicable in this action because each of Avila, Pratola and Zunda is non-domiciliary residing in Argentina (Hartman Decl. ¶7).

    2.    **There is a Cause of Action Against Avila, Pratola and Zunda**.

The facts alleged in the Verified Complaint and attested to in the Hartman Declaration establish that DIRECTV has causes of action against Avila, Pratola and Zunda.

As set forth in the Verified Complaint and the Hartman Declaration, the conveyance of Tumely and the evidence of a pledge or other restriction upon the shares of Loraine, through which Avila owns his indirect interest in LAS, is a breach of contract. Avila's lack of disclosure regarding this transaction constitutes a breach of Park 610's fiduciary duty to a co-venturer.  His participation in an unwarranted pre-payment of management fees further constitutes a waste of corporate assets which would warrant recovery on the derivative claim asserted against him.

A claim for aiding and abetting a breach of fiduciary duty requires (a) a breach of fiduciary obligations by another (*i.e.*, the fiduciary), (b) proof that the defendant knowingly induced or participated in the fiduciary's breach and (c) proof that the plaintiff was damaged as a result of the breach.  *See McGowan v. Ferro*, 859 A.2d 1012, 1041

3

(Del. Ch. 2004)(Delaware law); *S & K Sales Co. v. Nike*, 816 F.2d 843, 847-848 (2d Cir.

1987)(New York law); *see also, Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1115 (2d Cir.

1986); *Bernstein v. Kelso & Co.*, 231 A.D.2d 314, 323, 659 N.Y.S.2d 276, 282 (1st Dep't

1997).

All of these elements are present here.  Park 610 and Avila owed DIRECTV

fiduciary duties of loyalty and disclosure as to in all acts undertaken on behalf of, and

with respect to the joint venture.  The Complaint alleges, and the accompanying proof

establishes, that Pratola and Zunda participated with the other Defendants in a scheme

whereby LAS paid excessive, unearned management fees, some of which were diverted

to Pratola and Zunda as kickbacks from Avila.

Similarly, the facts establish a cause of action for fraud.  In New York, a fraud is

established by proof that (1) the defendant misrepresented, whether affirmatively or by

omission, a material existing fact, (2) knowledge on the part of the defendant of the

statement's falsity, (3) an intent to deceive the plaintiff, (4) justifiable reliance by the

plaintiff and (5) damages caused by the fraud.  *E.g., Golub Assocs., Inc. v. Lincolnshire

Mgmt*, 1 A.D.3d 237, 767 N.Y.S.2d 571 (1st Dep't 2003).  Here, Zunda and Pratola led

DIRECTV to believe that it was entering into a partnership with Avila and that the

apportionment of the equity in the joint venture was the product of an honest, arms-length

negotiation based upon an objective assessment of what Avila brought to the venture, not

an arrangement for the benefit of two self-interested employees of DIRECTV Argentina,

whom DIRECTV was entitled to assume were acting in DIRECTV's interests.  The facts

more than adequately establish Pratola's and Zunda's intent to deceive DIRECTV and

damages arising from the fraud.

### 3.    Documentary Evidence Establishes an Overwhelming Probability that DIRECTV Will Succeed on the Merits in this Case.

Under CPLR § 6212, a plaintiff  must demonstrate that it is more likely than not

that it will succeed on its claims by showing proof stronger than that required to establish

a *prima facie* case.  *See Musket Corp. v. PDVSA Petroleo, S.A.*, 512 F.Supp.2d 155, 160

(S.D.N.Y. 2007); *Thornapple Assoc.*, 2007 WL 747861 at *4 (citing *Merrill Lynch,*

*Pierce, Fenner & Smith Inc. v. Baninvensa Capital Markets, Ltd.*, No. 94 Civ. 2778

(LMM), 1995 WL 380129 at *1 (S.D.N.Y. June 26, 1995) and *Donaldson Lufkin &*

*Jenrette Securities Corp. v. Burgess*, No. 92 Civ. 1174 (KMW), 1992 WL 47980 at *2

(S.D.N.Y. Mar. 2, 1992)); *Perrotta v. Giannoccaro*, 141 Misc.2d 155, 532 N.Y.S.2d 998,

1000 (N.Y. Sup. Ct. 1988).  The record here establishes abundantly that DIRECTV will

prevail on the merits in this action.

Simply put, the evidence adduced in support of this motion demonstrates

convincingly that DIRECTV has caught the Defendants red-handed.  As set forth in the

Hartman Declaration, DIRECTV acquired substantial evidence, largely through a

forensic examination of Zunda's and Pratola's computers, that they had placed

themselves on both sides of the joint venture transaction, obtaining Avila's agreement to

give them a hidden, indirect beneficial ownership in the Channel as a sort of broker's fee

for facilitating the transaction with DIRECTV.  When confronted, neither Zunda nor

Pratola offered a satisfactory explanation of their conduct in the matter.  Plaintiff has

uncovered clear and convincing evidence confirming that Pratola and Zunda control

Leraman – even after their termination for corrupt and unethical conduct in connection

with the transaction.  DIRECTV also has evidence of highly suspicious wire transfers that

were supposedly paid as part of Avila's management fee.

### 4.    The Amount Demanded Exceeds All Counterclaims.

Finally, plaintiff has satisfied the final requirement of CPLR 6212.  As set forth in

the Hartman Declaration, plaintiff's demand in the complaint of $5,500,000 in the

aggregate exceeds all known counterclaims (of which none are known to DIRECTV).

*See OLBI USA, Inc. v. Agapov,* 283 A.D.2d 227 (1st Dep't 2001) (proof that defendant

does not have counterclaim is unnecessary); *See also Capital Ventures Int'l*, 443 F.3d at

219.

Accordingly, plaintiff has satisfied the statutory requirements of CPLR §§ 6201

and 6212.

### B.    DIRECTV Has Demonstrated the Need for Continuing Security Pending Entry of a Final Judgment.

Based upon the facts of this case, the equities weigh in favor of attachment against

each of Avila, Pratola and Zunda.  Each of Zunda and Pratola is a non-domiciliary whose

only known assets in New York are brokerage and/or bank accounts.  *See* Hartman Decl.

¶¶ 7,44.  Avila, also a non-domiciliary, has liquid assets in New York, as well one item of

real property on Park Avenue.  *Id.* Further, based upon these Defendants' past fraudulent

and dishonest conduct, it is reasonable to conclude that they will frustrate recovery of any

judgment that DIRECTV obtains.

The courts in this Circuit have consistently held that attachment is appropriate where the defendant has little or no assets in New York or where the nature of defendant's New York assets are liquid and easily transferred from the jurisdiction.  *See ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 219 (2d Cir. 1983); *Thornapple Assoc.*, *supra*, 2007 WL 747861 at *5; *Graubaud Mollen Dannett & Horowitz v. Kostantinides*, 709 F.Supp 428, 432 (S.D.N.Y 1989).

The facts of this case are strikingly similar to those in *Graubaud,* where the defendant was neither a resident nor a domiciliary of New York and his only assets in New York were brokerage accounts at Merrill Lynch.  709 F. Supp at 432.   The *Graubaud* court held that an attachment was appropriate because brokerage accounts, by nature, are liquid and can be easily transferred from the jurisdiction by a simple telephone call.  The Court went on to note that "if the defendants were permitted to liquidate the account and if plaintiff were then to recover a judgment against the defendants, plaintiff would be in the inauspicious position of having to chase defendants to Saudi Arabia, Panama, Turkey or some other venue."  *Id.*

Similarly, if Pratola, Zunda or Avila were permitted to liquidate their accounts in New York and plaintiff were to recover a judgment against them, plaintiff would be in the inauspicious position of having to chase them to far off jurisdictions, including Argentina.

Accordingly, security in the form of an order of attachment is warranted in this case.[2]

## CONCLUSION

Based on the foregoing, plaintiff's application for a pre-judgment attachment should be granted in its entirety.

Dated:      New York, New York
             April 29, 2008

                            Respectfully submitted,

                            **MINTZ & GOLD LLP**

                            /s/  Terence W. McCormick
                            Steven G. Mintz (SM 5428)
                            Terence W. McCormick (TM 2713)
                            470 Park Avenue South
                            10th Floor North
                            New York, N.Y. 10016-6819
                            Tel:   (212) 696-4848
                            Fax:   (212) 696-1231

                            *Attorneys for Plaintiff*
                            *DIRECTV Latin America, LLC*

---

[2]      CPLR §6212(b) requires that plaintiff post an "undertaking in a total amount fixed by the court, but not less than five hundred dollars . . . ."  DIRECTV is prepared to pay that sum, or such other "amount that will protect the defendant against any damage that may result from the attachment."  12 Jack B. Weinstein, Harold L. Korn and Arthur R. Miller, *New York Civil Practice*, ¶¶6212.08, 6212.09 (2002).

# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ
JEFFREY D. POLLACK
ALAN KATZ
STEVEN A. SAMIDE
SCOTT A. KLEIN
LISABETH HARRISON
TERENCE W. MCCORMICK
NOREEN E. COSGROVE
PAUL OSTENSEN
RYAN W. LAWLER
NICOLE COVIELLO
HEATH LORING

**470 PARK AVENUE SOUTH**
**10TH FLOOR NORTH**
**NEW YORK, NEW YORK 10016**

_____

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

*OF COUNSEL*

HONORABLE VITO J. TITONE *(dec.)*
(NY State Court of Appeals 1985-1998)
HARVEY J. HOROWITZ
NEAL M. GOLDMAN
DAVID BREITBART
ERIC M. KUTNER

June 4, 2008

**By Hand**
Hon. Victor Marrero, U.S.D.J.
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl St., Room 660
New York, NY 10007

> DIRECTV Latin America, LLC v. Park 610, LLC, et al.,
> 08 Civ. 3987 (VM)

Dear Judge Marrero:

We represent the Plaintiff in this action, DIRECTV Latin America, LLC ("DIRECTV"). The purpose of this letter is to request, *ex parte*, that the Court grant an additional Order of Attachment in this matter against property held by a new Defendant who will be joined in the action by the enclosed Proposed Amended Verified Complaint.[1] We bring this supplemental application on an *ex parte* basis to avoid the possibility that the property sought to be attached would be disposed of if the application were first brought on notice.

In bringing this application, we respectfully refer the Court to the previously submitted Memorandum of Law, as well as the Declaration of Michael Hartman, dated April 29, 2008, the Supplemental Declaration of Mr. Hartman, which we submit today, and the papers filed in support of our motion to confirm the attachment. [Dkt. Nos. 15-18]. As the Court will recall, this action concerns an alleged fraud, as well as various breaches of fiduciary duty and contract in connection with a joint venture between one of the Defendants, Carlos Vicente Avila ("Avila") and the Plaintiff. The other Defendants are alleged to have participated in the fraud by deceiving DIRECTV as to the true nature of the transaction, and to have arranged payment of unearned management fees to Avila (and to have diverted a portion of those fees to themselves).

---

[1]    Inasmuch as no defendant has yet answered or moved with respect to the original pleading, the enclosed Amended Verified Complaint will be filed as a matter of right pursuant to Fed. R. Civ. P. Rule 15(a)(1)(A).

# MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Victor Marrero, U.S.D.J.
June 4, 2008
Page Two

On April 29, 2008, upon our *ex parte* application, Your Honor entered three Orders of Attachment against property held by Mr. Avila, as well as Defendants Alejandro Zunda Cornell ("Zunda") and Carlos Pratola ("Pratola"). We have served those Orders of Attachment upon all banks and financial institutions that DIRECTV identified in its moving papers. (We are awaiting the garnishees' reports pursuant to Fed. R. Civ. P. 64 and this Court's Orders of April 29th). Thus far, only two accounts with any funds have been located and attached, in an aggregate amount of approximately $120,000. As required by the Orders of Attachment, we have also moved, on notice to all Defendants, to confirm the attachment by Notice of Motion served and filed on May 12, 2008. We have stipulated that Mr. Avila may file papers in opposition to the motion on or before June 18, 2008. [Dkt. No. 24].

The instant application is brought to secure certain additional funds in an account at UBS, which DIRECTV now believes has been titled in the name of Defendant Diego Clemente, whom DIRECTV has joined as a new defendant in the Amended Verified Complaint.

Our prior attempt to attach funds in that account was unsuccessful because the account turned out not to be titled in the name of Mr. Zunda, as we had originally believed. Upon following up on the matter, and based upon the additional documentation attached to the Supplemental Declaration of Mr. Hartman, it seems likely that the account is titled, not in the name of Mr. Zunda, but in the name of the newly joined defendant, Diego Clemente. For the reasons set forth in the two Hartman Declarations, we believe the funds are beneficially owned by Zunda and/or Pratola, but that Mr. Clemente has simply acted as a nominee to conceal their ownership of the funds.

We have been advised by V. David Rivkin, Esq., of the Firm of Fox Horan & Camerini LLP, that he expects to represent Defendants Park 610, Avila and Timistit. We have also been recently contacted by counsel for Defendants Pratola and Zunda. Accordingly, if this Court grants our supplemental application for an attachment, immediately upon serving UBS with the proposed Order, we will notify Mr. Rivkin and the other Defendants of this application and move to confirm the supplemental attachment as to Defendant Clemente within 10 days of the levy.

Respectfully submitted,

*Terence W McCormick*

Terence W. McCormick

enclosures

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/08

**ORIGINAL**

Bond No. 6563617

In the **UNITED STATES DISTRICT, SOUTHERN DISTRICT** _____ Court of the State of New York for the

County of _____

DIRECTV LATIN AMERICA, LLC, individually
and in the right and on behalf of LATIN
AMERICAN SPORTS, LLC,
                    Plaintiff,

          vs.
PARK 610, LLC, CARLOS VICENTE AVILA,
ROBERTO TIMISTIT, CARLOS PRATOLA,
ALEJANDRO ZUNDA CORNELL and DOES 1 through
10, DIEGO CLEMENTE,          Defendants,

and LATIN AMERICAN SPORTS, LLC, as a
Nominal Defendant.

**UNDERTAKING ON ATTACHMENT**
Case
INDEX NO. __08 CIV 3987 (VM)(GWG)__

WHEREAS, the above-named Plaintiff ___ ha _s_ applied, or about to apply in the above-entitled action to one of the Justices of this Court for an order of attachment against the property of the above-named Defendant, **DIEGO CLEMENTE**

under and by virtue of the Civil Practice Law and Rules. **FRCP (64) Federal Article 62**

NOW, THEREFORE, the _____ **Safeco Insurance Company of America** .
having an office and principal place of business in the State of New York, at **330 N. Brand Blvd.,Ste.680,Glendale,CA9120** California
hereby undertakes, pursuant to the Statute, in the amount of _____Twenty Thousand And NO/100_____
                                        Dollars ($ **20,000.00** ),

of which amount the sum of __Twenty Thousand And No/100__
                                        Dollars ($ **20,000.00** )

thereof is conditioned that the plaintiff will pay to the defendant _____ all costs and damages including reasonable attorney's fees which may be sustained by reason of the attachment if the defendant ___ recover ___ judgment, or if it is finally decided that the plaintiff was not entitled to an attachment of the property of the defendant ___ and the balance of **Twenty Thousand And NO/100**
                                        Dollars ($ **20,000.00** )

is conditioned that the plaintiff will pay to the sheriff all of his allowable fees.

Dated __June 9__ , __2008__

          **SAFECO INSURANCE COMPANY OF AMERICA**

Approved
6/12/08
S. Michael Menke
Clerk

By __[signature]__

By _[signature]_
          **Cesar F. Javier**          Attorney-in-Fact

XDP

**Bond**

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT NEW YORK

Case No. 08 Civ. 3987 (VM)

DIRECTV LATIN AMERICA, LLC, individually and
in the right and on behalf of LATIN AMERICAN SPORTS, LLC,
                    Plaintiff,
-against-
PARK 610, LLC, CARLOS VICENTE AVILA, ROBERTO TIMISTIT,
CARLOS PRATOLA, ALEJANDRO ZUNDA CORNELL, DIEGO CLEMENTE,
AND DOES 1 THROUGH 10,
                    Defendants
and
~~LATIN AMERICAN SPORTS, LLC, Nominal~~ Defendant.

         **UNDERTAKING ON ATTACHMENT**

                    SURETY

---

To  THE ABOVE NAMED DEFENDANTS

---

Please take notice that an Undertaking of which the
within is a copy has been duly executed and filed herein
with the Clerk of the  United States District Court
for the Southern District of New York

Dated  June 10                              ,   2008

         _Terence W. McCormick_
         Attorney for Plaintiff

**Safeco**®

**POWER
OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

**KNOW ALL BY THESE PRESENTS:**
                    No.    **9085**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

**\*\*\*\*\*\*\*\*\*\*TENZER V. CUNNINGHAM; CESAR F. JAVIER; CHRISTINA JOHNSON; SHANNA E. JUDSON; KRISTINE MENDEZ; JEFFREY STRASSNER; NATALIE K. TROFIMOFF; PATRICIA TALAVERA; Los Angeles, CA\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.
**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA have each executed and attested these presents**

this    **16th**           day of    **May**            ,  **2008**  .

*Stephanie Daley-Watson*                      *T A Mikolajewski*

**STEPHANIE DALEY-WATSON, SECRETARY**           **TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
    (i)  The provisions of Article V, Section 13 of the By-Laws, and
    (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
    (iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson    , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation.**

this                    day of    **JUN 9  2008**    .

(SAFECO INSURANCE COMPANY OF AMERICA CORPORATE SEAL 1953 STATE OF WASHINGTON)
(GENERAL INSURANCE COMPANY OF AMERICA CORPORATE SEAL 1923 STATE OF WASHINGTON)

*Stephanie Daley-Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05                                            **WEB PDF**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of _____California_____

County of _____Los Angeles_____

On __JUN 9 2008__ before me, _____Patricia Talavera, Notary Public_____

personally appeared, _____Cesar F. Javier_____

who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
SIGNATURE OF NOTARY

PATRICIA TALAVERA
Commission # 1776997
Notary Public - California
Los Angeles County
My Comm. Expires Oct 30, 2011

Notary Public Seal

━━━━━━━━━━━━━━━ OPTIONAL ━━━━━━━━━━━━━━━

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**DESCRIPTION OF ATTACHED DOCUMENT:**

TITLE OR TYPE OF DOCUMENT: _____

NUMBER OF PAGES: _____ DOCUMENT DATE: _____

**CAPACITY(IES) CLAIMED BY SIGNER(S)**

**Signer's Name:** _____ | **Signer's Name** _____

☐ INDIVIDUAL | ☐ INDIVIDUAL

☐ CORPORATE OFFICER | ☐ CORPORATE OFFICER
Title(s)_____ | Title(s)_____

☐ PARTNER(S) ☐ LIMITED ☐ GENERAL | ☐ PARTNER(S) ☐ LIMITED ☐ GENERAL

☒ ATTORNEY-IN-FACT | ☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S) | ☐ TRUSTEE(S)

☐ GUARDIAN/CONSERVATOR | ☐ GUARDIAN/CONSERVATOR

☐ OTHER: _____ | ☐ OTHER: _____

Signer is representing: | Signer is representing:

NAME OF PERSON(S) OR ENTITY(IES) | NAME OF PERSON(S) OR ENTITY(IES)

_____ | _____

✿✿ **UBS**

UBS Financial Services Inc.
499 Washington Boulevard
Jersey City, NJ 07310-1998

Legal Processing Control

Alexandra McInerney
Associate
Tel.  201-318-2071
Fax  201-318-2890

www.ubs.com

June 12, 2008

MINTZ & GOLD LLP
470 Park Avenue South
10th Floor North
New York, NY 10016

**VIA UPS OVERNIGHT MAIL AND FACSIMILE (212.696.1231)**

**RE:  DIRECTV LATIN AMERICA, LLC vs PARK 610, et. al.
CASE NO. 08 Civ. 3987**

Dear Mr. Lawler,

I am writing on behalf of UBS Financial Services Inc. ("UBS" or "the firm") in response to the Order of Attachment served upon UBSFS regarding the above-referenced case.

Please be advised that the firm's records reflect that Defendant, Deigo Clemente maintains the following accounts with UBS Financial Services.  Account balance is as June 11, 2008:

| | |
|---|---|
| Account No. | XXX6118 |
| Account Titled: | DIEGO ALEJANDRO CLEMENTE |
| | LUIS MIGUEL CLEMENTE (JTWROS)* |
| Account Type: | RESOURCE MANAGED ACCOUNT – JOINT TEN W/RIGHTS SURVIVORSHIP |
| Total Value: | **$257,477.85**** |

**\* (Please note:  account reflects another person has an interest in this account)**

**\*\* (this account has a Margin Agreement)**

| Account No. | XXX6980 |
|---|---|
| Account Titled: | DIEGO ALEJANDRO CLEMENTE |
| | LUIS MIGUEL CLEMENTE (JTWROS)* |
| Account Type: | RESOURCE MANAGED ACCOUNT – JOINT TEN W/RIGHTS SURVIVORSHIP |
| Total Value: | **$73,154.49**\*\* |

**\* (Please note:  account reflects another person has an interest in this account)**

**\*\* (this account has a Margin Agreement)**

| Account No. | XXX6785 |
|---|---|
| Account Titled: | DIEGO ALEJANDRO CLEMENTE |
| | CORINA ANDREA LOPEZ BAUSSET (JTWROS)* |
| Account Type: | RESOURCE MANAGED ACCOUNT – JOINT TEN W/RIGHTS SURVIVORSHIP |
| Total Value: | **$109,260.52**\* |

**\* (Please note:  account reflects another person has an interest in this account)**

**\*\* (this account has a Margin Agreement)**

Please be further advised, that UBS has restricted all of the above referenced accounts, accordingly and will await a further order of the court.

Please contact me with any questions or concerns regarding the above.

Sincerely yours,

Alexandra McInerney
Associate
Legal Processing Control

/am