UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIRECTV LATIN AMERICA, LLC, :
individually and in the right and on behalf : **08 Civ. 3987 (VM)(GWG)**
of LATIN AMERICAN SPORTS, LLC, :
 :
                Plaintiff, : **ECF CASE**
 :
      v. :
 :
PARK 610, LLC, :
CARLOS VICENTE AVILA, :
ROBERTO TIMISTIT, :
CARLOS PRATOLA, :
ALEJANDRO ZUNDA CORNELL and :
DIEGO CLEMENTE :
DOES 1 through 10, :
 :
              Defendants, :
 :
      and :
 :
LATIN AMERICAN SPORTS, LLC, :
 :
             as a Nominal Defendant. :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO
CONFIRM THE ORDER OF ATTACHMENT AS TO
<u>DEFENDANT DIEGO CLEMENTE</u>**

                            MINTZ & GOLD LLP
                            Steven G. Mintz (SM 5428)
                            Terence W. McCormick (TM 2173)
                            470 Park Avenue South
                            10th Floor North
                            New York, New York 10016-6819
                            Tel:   (212) 696-4848
                            Fax:  (212) 696-1231
                            *Attorneys for Plaintiff*
                            *DIRECTV Latin America, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 1

ARGUMENT ....................................................................................................................... 4

PLAINTIFF IS ENTITLED TO AN ORDER
AWARDING PRE-JUDGMENT ATTACHMENT ........................................................... 4

    A. Plaintiff Has Satisfied the Statutory Requirements of CPLR Article 62 ............... 5

        1. The Grounds for Attachment Enumerated in CPLR § 6201 Exist
           in this Case. ......................................................................................................... 5

        2. There is a Cause of Action Against Diego Clemente. ..................................... 6

        3. Documentary Evidence Establishes an Overwhelming Probability that
           DIRECTV Will Succeed on the Merits in this Case. ...................................... 7

        4. The Amount Demanded Exceeds All Counterclaims. ..................................... 9

B.     DIRECTV Has Demonstrated the Need to Continue the Levy
        Pending Entry of a Final Judgment. .................................................................... 9

CONCLUSION ................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                               **Page**

*Bank of Leumi Trust Co. of New York v. Istim, Inc.*,
    892 F.Supp. 478 (S.D.N.Y. 1995) ........................................................................... 8

*Bernstein v. Kelso & Co.*,
    231 A.D.2d 314, 659 N.Y.S.2d 276 (1st Dep't 1997) ............................................ 7

*Capital Ventures Intern. v. Republic of Argentina*,
    443 F.3d 214 (2d Cir 2006) ..................................................................................... 4

*Correspondent Serv. Corp. v. J.V.W. Inv. Ltd.*,
    No. 99 Civ. 8934 (RWS), 2000 WL 1718785 (S.D.N.Y. Nov. 14, 2000) ............. 9

*Donaldson Lufkin & Jenrette Securities Corp. v. Burgess*,
    No. 92 Civ. 1174 (KMW), 1992 WL 47980 (S.D.N.Y. Mar. 2, 1992) .................. 8

*Golub Assocs., Inc. v. Lincolnshire Mgmt*,
    1 A.D.3d 237, 767 N.Y.S.2d 571 (1st Dep't 2003) ................................................ 7

*Graubaud Mollen Dannett & Horowitz v. Kostantinides*,
    709 F.Supp 428 (S.D.N.Y 1989) ........................................................................... 10

*ITC Entertainment, Ltd. v. Nelson Film Partners*,
    714 F.2d 217 (2d Cir 1983) ............................................................................... 5, 10

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Development and Trade Services*,
    306 F.Supp.2d 482 (S.D.N.Y. 2004) ...................................................................... 8

*McGowan v. Ferro*,
    859 A.2d 1012 (Del. Ch. 2004) ............................................................................... 6

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Baninvensa Capital Markets, Ltd.*,
    No. 94 Civ. 2778 (LMM), 1995 WL 380129 (S.D.N.Y. June 26, 1995) ............... 7

*Musket Corp. v. PDVSA Petroleo, S.A.*,
    512 F.Supp.2d 155 (S.D.N.Y. 2007) ...................................................................... 7

*OLBI USA, Inc. v. Agapov*,
    283 A.D.2d 227, 724 N.Y.S.2d 839 (1st Dep't 2001) ........................................... 9

*Perrotta v. Giannoccaro*,
   141 Misc.2d 155, 532 N.Y.S.2d 998 (N.Y. Sup. Ct. 1988) .................................... 8

*Thornapple Assocs., Inc. v. Sahagen*,
   No. 06 Civ. 6412 (JFK), 2007 WL 747861 (S.D.N.Y. Mar. 12, 2007) .... 4, 5, 7, 10

*S & K Sales Co. v. Nike*,
   816 F.2d 843 (2d Cir. 1987) .................................................................................. 6

*Whitney v. Citibank, N.A.*,
   782 F.2d 1106 (2d Cir. 1986) ................................................................................ 6

**Statutes and Other Authorities**

N.Y. C.P.L.R. 6201 ............................................................................................... 4, 6, 9

N.Y. C.P.L.R. 6211 .................................................................................................. 1, 4

N.Y. C.P.L.R. 6212 ............................................................................................... 4, 7, 9

12 Jack B. Weinstein, Harold L. Korn & Arthur R. Miller,
*New York Civil Practice* at ¶6212.05 .................................................................. 9

## PRELIMINARY STATEMENT

Plaintiff, DIRECTV Latin America LLC ("DIRECTV" or "Plaintiff"), individually and derivatively on behalf of Latin American Sports, LLC ("LAS") respectfully submits this Memorandum of Law, along with the accompanying Declaration of Michael Hartman dated April 29, 2008 ("Hart. Decl.") and the Supplemental Declaration of Michael Hartman, dated June 3, 2008 ("Supp. Hart. Decl."), and the Declaration of Terence W. McCormick, Esq., dated June 13, 2008, in support of DIRECTV's motion, pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 6211(b) to confirm the pre-judgment Order of Attachment of assets of, and debts owed to, defendant Diego Clemente ("Clemente") in an amount sufficient to satisfy DIRECTV's judgment against Clemente. Plaintiff further submits that the instant motion should be consolidated with the previously filed motion to confirm the previously entered Orders of Attachment against Defendants Carlos Vincente Avila ("Avila"), Carlos Pratola ("Pratola") and Alejandro Zunda Cornell ("Zunda") (Docket Number 15-18).

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the Declaration of Michael Hartman dated April 29, 2008, previously submitted in support of DIRECTV's *ex parte* applications for Orders of Attachment as against Defendants Avila, Pratola and Zunda, the Supplemental Declaration of Michael Hartman dated June 3, 2008, submitted in support of DIRECTV's *ex parte* application for the aforementioned Order of Attachment as against Clemente, and the Amended Verified Complaint filed in this action, for a full and complete recitation of the facts.

Briefly, however, the gravamen of this action is that, at the urging of two corrupt former employees of DIRECTV's Argentine subsidiary, Pratola and Zunda, in August 2006 DIRECTV entered into a joint venture with Avila. In furtherance of that joint venture, DIRECTV and Avila formed a limited liability company, Latin American Sports, LLC ("LAS"). The purpose of the enterprise was to create a Spanish language television channel to broadcast golf programming in Latin America (the "Channel"). The overarching, material assumption behind DIRECTV's decision to invest was that Avila, and *only* Avila, would be DIRECTV's partner in the Channel. DIRECTV funded the Channel through capital contributions and loans in the approximate amount of $5,550,000.

In late 2007, DIRECTV discovered that Avila and Defendant Roberto Timistit ("Timistit") had secretly arranged to transfer half of Avila's beneficial ownership in LAS to a Uruguayan corporation, Leraman S.A. ("Leraman"). Upon information and belief, Leraman is controlled by Pratola and Zunda.

In addition to the "bait and switch" just described, Defendants Pratola, Zunda and Clemente assisted Avila in improperly collecting excessive management fees. The Management Services Agreement between Avila and LAS provided for the payment to Park 610, LLC ("Park 610") (Avila's holding company) of a management fee equal to 25% of advertising revenues generated by LAS. As the venture proceeded forward advertising revenues were not materializing as planned. Nevertheless, at the urging of Avila, in late summer or early fall of 2007 DIRECTV acquiesced in the advance payment by LAS of $30,000 per month (the "Payments") for six months to Park 610.

2

Unbeknownst to DIRECTV, however, Timistit diverted these Payments, in part, from Park 610 to an account at UBS Financial Services now known to be owned by Clemente.[1]  These fees were unearned pursuant to the Limited Liability Company Agreement with LAS because upon a change of control of Park 610 the Management Service Agreement between Park 610 and DIRECTV automatically terminates.  Thus, when Park 610 transferred a controlling interest in it to Leraman it caused an Event of Default under Section 13.1(e) of the limited liability agreement with LAS thereby terminating the contract with DIRECTV and further terminating any entitlement to receive the management fees.[2]

Clemente, aided and abetted a breach of fiduciary duties owed to DIRECTV by Avila, Pratola and Zunda by permitting the management fees to be diverted to his account for the benefit of Zunda and Pratola.  Clemente supplied Zunda with wire transfer instructions to his own account at UBS Financial Services in New York and then received $60,000 into the account, knowing that the funds did not belong to him (or Zunda).  Put another way, Clemente provided Timistit with an account not easily traceable to Pratola, Zunda, Avila or Timistit in which the unearned management fees could be diverted from DIRECTV to him indirectly for the benefit of Pratola and Zunda.

---

[1]  An order of attachment concerning this account was previously issued on April 29, 2008, as against Defendant Alejandro Zunda Cornell.  However, upon further investigation and review of the wire transfer orders, UBS Financial Services has confirmed that the account is held in the name of Defendant Diego Clemente and has frozen the account pursuant to the Order of Attachment at issue on this motion.

[2]  The acts of Avila set forth in the Amended Verified Complaint also constitute a violation of Section 12.5 of the Limited Liability Company Agreement of LAS, which prohibits dealing with persons having a conflict of interest.  *See* Amended Verified Complaint at ¶ 34.

DIRECTV has therefore brought this action, as against Clemente, for aiding and abetting a breach of fiduciary duty.

## POINT OF LAW

### PLAINTIFF IS ENTITLED TO AN ORDER AWARDING PRE-JUDGMENT ATTACHMENT

Fed. R. Civ. P. 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Accordingly, this Court must look to New York State law governing the issuance of pre-judgment attachments. *See Capital Ventures Intern. v. Republic of Argentina,* 443 F.3d 214 (2d Cir 2006); *Thornapple Assocs., Inc. v. Sahagen*, No. 06 Civ. 6412 (JFK), 2007 WL 747861 at* 2 (S.D.N.Y. Mar. 12, 2007). Under New York law, orders of attachment are available remedies pursuant to Article 62 of New York's Civil Practice Law and Rules ("CPLR").

CPLR § 6211(b) requires the party obtaining an *ex parte*, pre-judgment order of attachment to move on notice to confirm the order. Where, as here, the attachment has been sought and obtained because a defendant is a nondomiciliary residing without the state or a foreign corporation not qualified to do business within the state, the motion is generally required to be made ten days after the levy and is made pursuant to this Court's Order dated June 5, 2008.

The statutory requirements governing a motion to confirm an attachment are generally co-extensive with the showing required for the original *ex parte* application.

4

Pursuant to CPLR § 6212(a), on a motion for an order to confirm an order of attachment, the plaintiff is required to show "that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in CPLR § 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." Pursuant to CPLR § 6211(b), upon the motion to confirm an *ex parte* attachment order, "the plaintiff shall have the burden of establishing the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits."

Where the above requirements are met, federal and New York law recognize that pre-judgment attachment is available for the purpose of obtaining security. *See ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217 (2d Cir 1983). An attachment will be granted if there is a risk to the enforceability of a future judgment, i.e., if the non-domiciliary defendant removes property from the jurisdiction. *Thornapple Assocs., supra,* 2007 WL 747861 at *3.

**A.     Plaintiff Has Satisfied the Statutory Requirements of CPLR Article 62**

**1.     The Grounds for Attachment Enumerated in CPLR § 6201 Exist in this Case.**

The Amended Verified Complaint sets forth a cause of action against Clemente, seeking money damages for aiding and abetting a breach of fiduciary duty by Avila, Pratola and Zunda. The Amended Verified Complaint alleges that Clemente served as a "front-man" for Zunda and Pratola, assisting the conspiracy by allowing LAS funds to be wired to accounts held by him for the benefit of Pratola and Zunda. CPLR § 6201(1) is

plainly applicable in this action because Clemente is a non-domiciliary residing in Argentina (Supp. Hart. Decl. at ¶ 4; Amended Verified Complaint at ¶ 16).

### 2. There is a Cause of Action Against Clemente.

As demonstrated in our prior submission, the facts alleged in the Amended Verified Complaint and attested to in the Hartman Declaration, along with the exhibits annexed thereto, and the Supplemental Hartman Declaration, along with the exhibits annexed thereto, prove that DIRECTV has a cause of action against Clemente.

By demanding that DIRECTV acquiesce in LAS's remittance to him of $30,000 per month for six months (which would in any event have been payable to Park 610 only), and then causing Timistit to divert those funds to an account at UBS held by Clemente for the benefit of Pratola, Zunda, Avila and Clemente breached fiduciary duties owed to DIRECTV and LAS. Clemente's role in facilitating this conspiracy by knowingly permitting the Payments to be deposited into an account he controls constitutes a cause of action for aiding and abetting a breach of fiduciary duties.

A claim for aiding and abetting a breach of fiduciary duty requires (a) a breach of fiduciary obligations by another (*i.e.*, the fiduciary, Avila and Park 610, LLC and former DIRECTV employees Zunda and Pratola), (b) proof that the defendant knowingly induced or participated in the fiduciary's breach and (c) proof that the plaintiff was damaged as a result of the breach. *See, e.g., McGowan v. Ferro*, 859 A.2d 1012, 1041 (Del. Ch. 2004)(Delaware law); *S & K Sales Co. v. Nike*, 816 F.2d 843, 847-848 (2d Cir. 1987)(New York law); *see also, Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1115 (2d Cir.

1986); *Bernstein v. Kelso & Co.*, 231 A.D.2d 314, 323, 659 N.Y.S.2d 276, 282 (1st Dep't 1997).

All of these elements are present here. Park 610 and Avila owed DIRECTV fiduciary duties of loyalty and disclosure as to all acts undertaken on behalf of, and with respect to the joint venture and LAS. The Amended Verified Complaint alleges, and the accompanying proof establishes, that Pratola, Zunda and Clemente participated with the other Defendants in a scheme whereby LAS paid excessive, unearned management fees, some of which were diverted to Pratola and Zunda as kickbacks from Avila. *See* Hartman Decl. at ¶¶ 35-39; *see also* Amended Verified Complaint at ¶¶ 54-66; *see generally* Supp. Hart. Decl.). In particular, the Amended Verified Complaint further alleges, and the accompanying proof further establishes that Clemente knowingly facilitated this breach of fiduciary duties by providing an account in which the Payments were deposited. *See* Amended Verified Complaint at ¶¶ 54-66; *see also* Hartman Decl. at ¶¶ 35-44; *see generally* Supp. Hart. Decl.).

    3.    **Documentary Evidence Establishes an Overwhelming Probability that <u>DIRECTV Will Succeed on the Merits in this Case</u>.**

As this Court recently observed, under CPLR § 6212, a plaintiff must demonstrate that it is more likely than not that it will succeed on its claims by showing proof stronger than that required to establish a *prima facie* case. *See Musket Corp. v. PDVSA Petroleo, S.A.*, 512 F.Supp.2d 155, 160 (S.D.N.Y. 2007)(Marrero, *J.*); *see also Thornapple Assoc.*, 2007 WL 747861 at *4 (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Baninvensa Capital Markets, Ltd.*, No. 94 Civ. 2778 (LMM), 1995 WL 380129 at *1 (S.D.N.Y. June

7

26, 1995) and *Donaldson Lufkin & Jenrette Securities Corp. v. Burgess*, No. 92 Civ. 1174 (KMW), 1992 WL 47980 at *2 (S.D.N.Y. Mar. 2, 1992)); *Perrotta v. Giannoccaro*, 141 Misc.2d 155, 532 N.Y.S.2d 998, 1000 (N.Y. Sup. Ct. 1988). "In determining whether there is a likelihood of success on the merits, all legitimate inferences should be drawn in favor of the party seeking the attachment." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Development and Trade Services, Inc.*, 306 F.Supp.2d 482, 485 (S.D.N.Y. 2004)(citing *Bank of Leumi Trust Co. of New York v. Istim, Inc.*, 892 F.Supp. 478, 482 (S.D.N.Y. 1995)). The record here establishes abundantly that DIRECTV will prevail on the merits in this action.

  As we put it in our principal submission, the evidence adduced in support of this motion demonstrates convincingly that DIRECTV has caught the Defendants red-handed. DIRECTV acquired substantial evidence, largely through a forensic examination of Zunda's and Pratola's computers, that they had placed themselves on both sides of the joint venture transaction, obtaining Avila's agreement to give them a hidden, indirect beneficial ownership in the Channel as a sort of broker's fee for facilitating the transaction with DIRECTV. DIRECTV further adduced evidence of highly suspicious wire transfers that were supposedly paid as part of Avila's management fee, but which were paid, not to the account of Defendant Park 610, but to Avila personally. The same evidence shows that some of the funds were sent to a UBS account in New York City believed to be a secret nominee account for Pratola and Zunda – two employees of DIRECTV's subsidiary and certainly not people who should have been sharing in

8

management fees – controlled by Clemente.  (Hartman Decl. ¶¶ 37-39, Supp. Hart. Decl. at ¶¶ 5-7).

      **4.**    **The Amount Demanded Exceeds All Counterclaims.**

Finally, plaintiff has satisfied the final requirement of CPLR § 6212.  As set forth in the Hartman Declaration and the Supplemental Hartman Declaration, plaintiff's demand in the Amended Verified Complaint of $5,550,000 in the aggregate exceeds all known counterclaims (of which none are known to DIRECTV).  *See* 12 Jack B. Weinstein, Harold L. Korn & Arthur R. Miller, *New York Civil Practice* at ¶ 6212.05 (citing, *inter alia*, *OLBI USA, Inc. v. Agapov,* 283 A.D.2d 227, 724 N.Y.S.2d 839 (1st Dep't 2001)(proof that defendant does not have counterclaim is unnecessary).

Accordingly, plaintiff has satisfied the statutory requirements of CPLR §§ 6201 and 6212.

**B.**    **DIRECTV Has Demonstrated the Need to Continue the Levy Pending Entry of a Final Judgment.**

Based upon the facts of this case, the equities weigh in favor of attachment against Clemente.  Clemente is a non-domiciliary whose only known assets in New York are brokerage and/or bank accounts.  *See* Supp. Hart. Decl. at ¶¶ 4-7.  Further, based upon the Defendants' past fraudulent and dishonest conduct, it is reasonable to conclude that Clemente will frustrate recovery of any money judgment that DIRECTV obtains.  *See Correspondent Serv. Corp. v. J.V.W. Inv. Ltd.*, No. 99 Civ. 8934 (RWS), 2000 WL 1718785, at *4 (S.D.N.Y. Nov. 14, 2000)(continuing levy appropriate if needed "to avert the chance that the funds will be transferred out of the jurisdiction").

The courts in this Circuit have consistently held that attachment is appropriate where the defendant has little or no assets in New York or where the nature of defendant's New York assets are liquid and easily transferred from the jurisdiction. *See ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 219 (2d Cir. 1983); *Thornapple Assoc.*, *supra*, 2007 WL 747861 at *5; *Graubard Mollen Dannett & Horowitz v. Kostantinides*, 709 F.Supp 428, 432 (S.D.N.Y 1989).

The facts of this case are strikingly similar to those in *Graubard,* where the defendant was neither a resident nor a domiciliary of New York and his only assets in New York were brokerage accounts at Merrill Lynch. 709 F. Supp at 432. The *Graubaud* court held that an attachment was appropriate because brokerage accounts, by nature, are liquid and can be easily transferred from the jurisdiction by a simple telephone call. The Court went on to note that "if the defendants were permitted to liquidate the account and if plaintiff were then to recover a judgment against the defendants, plaintiff would be in the inauspicious position of having to chase defendants to Saudi Arabia, Panama, Turkey or some other venue." *Id.*

Similarly, if Clemente were permitted to liquidate his account in New York and DIRECTV were to recover a judgment against Clemente, DIRECTV would be in the "inauspicious position" of having to chase his money in far off jurisdictions, including Argentina.

10

## CONCLUSION

Based on the foregoing, this Court's pre-judgment Order of Attachment as to Defendant Clemente should be confirmed in its entirety.

Dated:   New York, New York
         June 13, 2008

                          Respectfully submitted,

                          **MINTZ & GOLD LLP**

                          /s/ Terence W. McCormick
                          Steven G. Mintz (SM 5428)
                          Terence W. McCormick (TM 2713)
                          470 Park Avenue South
                          10th Floor North
                          New York, N.Y. 10016-6819
                          Tel:   (212) 696-4848
                          Fax:   (212) 696-1231

                          *Attorneys for Plaintiff*
                          *DIRECTV Latin America, LLC*

**To:**   V. David Rivkin, Esq.
        Fox Horan & Camerini LLP
        825 Third Avenue
        New York, New York 10022
        (*Counsel for Defendants Park 610, LLC,*
        *Carlos Vicente Avila and Roberto Timistit*)