# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

1345 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10105-0143

ORIGINAL

GARY P. ADELMAN ***
MARSHALL E. BERNSTEIN
DAVID M. BLUMENTHAL *
AVRON I. BROG
STEPHEN BOONSHOFT
NICHOLAS R. CAPUTO *
JOHN D. D'ERCOLE
FELICIA S. ENNIS *
SHARI J. FAGEN *
MARSHALL J. GLUCK
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER •
A. MITCHELL GREENE
MICHAEL E. GREENE
ROY A. JACOBS **
SCOTT A. LAVIN ∞

ROBERT R. LEINWAND
DAVID M. LEVY
BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JEROME H. RETTIG
FRED B. RINGEL *
A. STANLEY ROBINSON
ROBERT A. SCHACHTER
LORI SCHWARTZ
ERACH F. SCREWVALA
PHILIP T. SIMPSON
RICHARD M. TICKTIN
PHILIP H. THOMAS

212-603-6300

FAX 212-956-2164

COUNSEL
DAVID C. BURGER
ROBERT B. GLUCKMAN
PAUL KATCHER
DONALD M. KLEIN *
LEE PERSHAN
RUSSELL P. McRORY
THOMAS McG. SANFORD
ROBERT M. SABLOFF

NEAL I. GANTCHER
(1940-2008)

ANTHONY S. GENOVESE
(1935-2005)

* NY AND NJ BARS
** NY AND D.C. BARS
*** NY AND CONNECTICUT BARS
• NY AND TENNESSEE BARS
∞ NY, NJ AND PA BARS

July 24, 2008

**BY FAX**
Hon. Victor Marrero
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street, Room 660
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-28-08
```

Re: <u>DirecTV Latin America, LLC. v. Park 610, LLC, et al.</u>
08 Civ. 3987 (VM)

Dear Judge Marrero:

My firm represents defendants Carlos Pratola ("Pratola"), Alejandro Zunda Cornell ("Zunda") and Diego Clemente ("Clemente"), none of whom have yet been served with the summons and amended complaint or any other papers in the above-noted action. I am constrained to submit this letter in response to the letter, dated July 23, 2008 ("July 23 Letter"), from plaintiff's counsel to the Court concerning plaintiff's pending motions to confirm certain <u>ex parte</u> pre-judgment attachments.

Plaintiff's counsel, Terrence W. McCormick, concedes that my firm's clients have not yet been served with the summons and amended complaint in compliance with the Hague Convention. Plaintiff's counsel nonetheless argues that my firm's clients have been properly served with plaintiff's motion papers because they were mailed by plaintiff's counsel to my firm's clients in Argentina. Plaintiff's counsel is incorrect for at least two reasons.

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

First, plaintiff's counsel cites the decision in Bankston v. Toyota Motor Corp., 889 F.2d 172, 173-74 (8th Cir. 1989). Bankston dealt with whether Article 10(a) of the Hague Convention permits service on a Japanese defendant by direct mail. Noting that there is a split of authority on the issue, the Eighth Circuit held as follows:

> "Subscribers to this interpretation maintain that Article 10(a) merely provides a method for sending subsequent documents after service of process has been obtained by means of the central authority. We find this second line of authority to be more persuasive." (emphasis added; citations omitted)

889 F.2d at 174.

The only authority cited by plaintiff's counsel thus provides that Article 10(a) would permit motion papers to be served by direct mail only after the summons and complaint have been properly served through the foreign country's central authority.

More importantly, plaintiff's counsel fails to recognize that Argentina has objected to Article 10 of the Hague Convention. Article 10 states that: "Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,...." Argentina has objected to Article 10 as follows: "The ARGENTINE REPUBLIC opposes to the use of methods of transmission pursuant to Article 10." Selected International Conventions, at p. IC-3 (Martindale-Hubbell 2006). The direct mailing of legal papers pursuant to Article 10(a) therefore cannot be utilized by plaintiff to serve any legal papers on my firm's clients in Argentina.

Accordingly, the time within which my firm's clients are required to respond to plaintiff's motions has not yet started to run, and therefore my firm's clients have not defaulted with respect to any opposition to plaintiff's motions.

Respectfully submitted,

David C. Burger

cc: Terence W. McCormick, Esq. (by fax)
V. David Rivkin, Esq. (by fax)

> The parties are directed to address the matter set forth above to Magistrate Judge Gabriel Gorenstein, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.
>
> SO ORDERED.
>
> 7-25-08
> Date        VICTOR MARRERO, U.S.D.J.