# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ
ALAN KATZ
JEFFREY D. POLLACK
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK
LISABETH HARRISON
MARK S. POMERANTZ
ALEXANDER H. GARDNER
NOREEN E. COSGROVE
PAUL OSTENSEN
RYAN W. LAWLER
NICOLE COVIELLO
HEATH LORING

470 PARK AVENUE SOUTH
10TH FLOOR NORTH
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

OF COUNSEL
HONORABLE VITO J. TITONE (dec.)
(NY State Court of Appeals 1985-1998)
HARVEY J. HOROWITZ
NEAL M. GOLDMAN
DAVID BREITBART
ERIC M. KUTNER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/08

August 26, 2008

**MEMORANDUM ENDORSED**

<u>Via Facsimile (212) 805-4268</u>
Hon. Gabriel W. Gorenstein, U.S.M.J.
United States Courthouse
500 Pearl St., Room 510
New York, N.Y. 10007

    DIRECTV Latin America, LLC v. Park 610, LLC, et al.,
    <u>08 Civ. 3987 (VM)</u>

Dear Judge Gorenstein:

  We represent the Plaintiff in this action, DIRECTV Latin America, LLC ("<u>DIRECTV</u>"). The purpose of this letter is to respond to a question that Your Honor asked at the initial Rule 16 Conference in this matter, *i.e.*, regarding whether extensions of the time within which to serve the summons and complaint are permissible beyond 120 days in order to preserve pre-judgment orders of attachment. The answer to the Court's question is in the affirmative, for two reasons.

  First, upon further examination of this question, it appears that the sixty-day threshold for service of the summons set forth in CPLR § 6213 does not apply to pre-judgment attachments in the federal courts at all. See 12 Weinstein, Korn & Miller, New York Civil Practice at ¶6213.02. As Judge Edelstein held in <u>Foreign Exchange Trade Associates, Inc. v. Oncetur, S.A.</u>, 591 F.Supp. 1496 (S.D.N.Y. 1984), the Federal Rules of Civil Procedure, not Article 62 of the CPLR, control attachments and time limits for service of the summons and complaint. "Rule 64 clearly does not demand exact adherence to state procedure." <u>Id</u>. at 1499. While state law defines what the available provisional remedies are in diversity cases under Rule 64, the requirement of due process in federal court is simply that, after the assets of the defendants are attached, they must have actual notice of the attachment within a reasonable time. See <u>id</u>. at 1500. Accord, <u>New England Merchants Nat. Bank v. Iran Power Generation and Transmission Co.</u>, 495 F.Supp. 73, 77 (S.D.N.Y. 1980). Cf. <u>Graubard Mollen Dannet & Horowitz v. Kostantinides</u>, 709 F.Supp. 428 (S.D.N.Y. 1989)(applying CPLR where case originally brought in state court). See also Fed. R. Civ. P., Rule 4(m)(120 day time limit for service of process does not apply to foreign defendants overseas under Rule 4(f), such as under the Hague Convention).

# MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Gabriel W. Gorenstein
August 26, 2008
Page 2 of 3

Certainly, there can be no question that each of the three Defendants who have not yet been served under the Hague Convention, Carlos Pratola, Alejandro Zunda Cornell and Diego Clemente, have had such notice. Their counsel, David C. Burger, Esq., attended the Rule 16 Conference and notified the Court of their intention to seek vacatur of the attachment orders, *i.e.*, once they have been formally served with process. Thus, DIRECTV respectfully submits that repeated applications to the Court to extend the time for service of the summons and complaint are, in fact, unnecessary and, in light of the foregoing authorities, asks that it be relieved of any further obligation to preserve the attachments through repeated extensions while the Argentine courts carry out service of the summons on the remaining Defendants.

Out of an abundance of caution, however, even assuming that further extensions of the time for service of the summons were required in this Court, the period may be extended liberally, as required. Such extensions are entirely proper in the New York state courts under CPLR § 6213 where anticipated delays in a foreign sovereign renders service within the prescribed sixty-day period impossible. See, e.g., Kulpa v. Jackson, 3 Misc.3d 227, 236, 773 N.Y.S.2d 235, 242 (Sup. Ct. Oneida Cty. 2004). As the New York Supreme Court explained in Kulpa:

> "All that an attorney can do regarding service pursuant to the Hague Convention is follow the proper procedures to cast his client on the tender mercies of a foreign sovereign which may or may not have much interest in effecting the involvement of its citizens in litigation in the United States. Once the papers have been successfully delivered to the sovereign, the domestic litigant's counsel has done all she can, and if additional months or years are required to let the sovereign work his will, so be it, and courts should routinely correspondingly extend the time provided to complete the task of achieving proper service under the Hague Convention." 3 Misc.3d at 236, 773 N.Y.S.2d at 242.

In this connection, Judge Marrero previously granted an initial sixty-day extension by Order dated June 25, 2008, without the requirement of making a formal motion, and "with leave to seek further extensions as necessary in order to complete proceedings under the Hague Convention." Even if the formality of such extensions should be required, good cause continues to exist to extend the time to complete service. Defendants Pratola, Zunda and Diego are residents of Argentina. We are advised by local counsel in Buenos Aires that while the Argentine courts have entered orders directing service of the summons and complaint on those Defendants, such service has not yet been carried out.

# MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Gabriel W. Gorenstein
August 26, 2008
Page 3 of 3

    Accordingly, following <u>Foreign Exchange Trade Associates, supra</u>, we respectfully request that the Court enter an order relieving DIRECTV of the necessity of seeking continual extensions of the sixty-day period for service of the summons and complaint herein, on the ground that the statutory period contained CPLR § 6213 does not apply where attachment has been obtained in a federal court. In the alternative, we would request that the Court order that the period within which to serve the summons and complaint upon each of Defendants Pratola, Zunda and Clemente be extended to Tuesday, October 28, 2008, which is sixty days from this Friday, with leave to make further extensions as needed to comply with the Hague Convention.

Respectfully submitted,

*Terence W. McCormick*

Terence W. McCormick

cc:    V. David Rivkin, Esq.
       David Burger, Esq.

SO ORDERED: DATE: 8/29/2008

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE